Argued and submitted April 5, reversed July 5, 2001

## STATE OF OREGON,
*Respondent,*

*v.*

## DOUGLAS MELVIN VAUGHN,
*Appellant.*

990848453; A109240

28 P3d 636

Garrett A. Richardson argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant appeals from a judgment of conviction for second-degree criminal trespass. ORS 164.245. He was charged with and convicted in a bench trial of unlawfully and knowingly entering and remaining "in and upon premises described as a public right of way located within a drug free zone listed in Portland City Code (PCC) 14.100.070, contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Oregon." Defendant asserts on appeal that the trial court erred in denying his motion for a judgment of acquittal. We reverse.

We state the facts in the light most favorable to the state. *State v. Cervantes*, 319 Or 121, 123, 873 P2d 316 (1994). In determining whether sufficient evidence supports a conviction, after viewing the evidence in the light most favorable to the state, we determine whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Id.* at 125. In making that determination, we "resolve[ ] any conflicts in the evidence in favor of the state and give[ ] the state the benefit of all reasonable inferences that properly may be drawn" from the evidence. *Id.*

The state called only two witnesses. The first was Donna Oden-Orr, an assistant Multnomah County District Attorney. Oden-Orr testified that, on July 27, 1999, defendant pleaded guilty to possession of a controlled substance and, as a consequence of that plea, was excluded from drug-free zones in the City of Portland. The document providing for the exclusion as a condition of probation was received into evidence by the court. It provided, in pertinent part:

> "*As a condition of probation* you are prohibited from entering any Drug Free Zone for one year from the date of conviction.
>
> "In addition to any other penalties that may be ordered by the court, failure to comply with this condition may also subject you to arrest for criminal trespass in the second degree per ORS 164.245 and/or arrest for a probation violation.
>
> "* * * * *

"I agree that I am excluded from all Drug Free Zones. I further agree to waive any claim that this exclusion constitutes double jeopardy in relation to the underlying offenses upon which it is based or that the prosecution or conviction of the underlying offenses constitutes double jeopardy in relation to this exclusion under the Oregon Revised Statutes, Oregon Constitution or United States Constitution. I also agree that I will not challenge the lawfulness of this exclusion in this proceeding or any other proceeding." (Emphasis added.)

The document was dated July 27, 1999, and signed by defendant, Oden-Orr, and the judge who presided over the plea proceeding. The document included no reference to the Portland ordinances authorizing the issuance of drug-free zone exclusion orders. *See* PCC chapter 14.100.[1]

The state's second witness was Darryl Shaw, a police officer for the City of Portland. He testified that on August 13, 1999, he saw defendant in a drug-free zone within the City of Portland, recognized him due to previous contacts, determined that he was excluded from the drug-free zone, and placed him under arrest for violation of the exclusion order.

The state rested its case, and defendant moved for a judgment of acquittal. Defendant asserted that the state had failed to prove any authorization for defendant's exclusion from the drug-free zones. He asserted that, while defendant's presence in the drug-free zone might have been a violation of his probation, it had not been shown to violate ORS 164.245. Defendant pointed out that, while the ordinance authorized the Chief of Police to designate people authorized to issue exclusion orders, no evidence was presented that either Oden-Orr or the judge who signed the July 27, 1999, document was authorized by the Chief of Police to issue an exclusion order pursuant to the ordinance. The trial court then granted the state's request for a short recess so that the prosecutor could attempt to obtain evidence that the July 27, 1999, document was executed pursuant to authorization by the Chief of Police.

---

[1] The relevant provisions of the ordinance are set forth below. 175 Or App at 198-99.

The prosecutor returned from the recess with a letter dated September 11, 1997, issued by Chief of Police Charles Moose that authorized "any Multnomah County deputy district attorney to issue conviction based drug-free zone exclusions in accordance with Chapter 14.100 of the Portland City Code." Defendant objected to the court's consideration of the Moose letter, asserting that ORS 136.445[2] precluded the court from admitting and considering additional evidence after the state had rested and defendant had moved for a judgment of acquittal. The court rejected that argument and permitted the state to reopen its case to present the Moose letter.

Thereafter, defendant argued that the Moose letter was inadequate to establish the requisite authority to exclude. In particular, defendant asserted that the letter was inadmissible hearsay; that its admission violated defendant's rights of confrontation; and that, in all events, Moose was no longer Chief of Police and, thus, there was no evidence that Oden-Orr was acting under any continuing authority from Moose when she signed the probation document. Further— and of particular significance to this appeal—defendant argued that the state had failed to present any evidence that defendant had committed his original drug offense in a drug-free zone and that, without such proof, the state could not establish that the July 27, 1999, document embodied an exclusion order pursuant to PCC chapter 14.100. The trial court rejected defendant's arguments without explanation, denied defendant's motion for judgment of acquittal, and found him guilty of the crime of second-degree trespass.

■ On appeal, defendant reiterates the arguments he raised in support of his motion for judgment of acquittal, including the alleged impropriety of permitting the state to reopen its case after defendant moved for a judgment of acquittal, the hearsay and confrontation objections to the Moose letter, and the argument that the state had failed to

---

[2] ORS 136.445 provides:

"In any criminal action the defendant may, after the close of the state's evidence or of all the evidence, move the court for a judgment of acquittal. The court shall grant the motion if the evidence introduced theretofore is such as would not support a verdict against the defendant. The acquittal shall be a bar to another prosecution for the same offense."

demonstrate that the Moose letter had, in fact, been in effect at the time of the exclusion. We do not reach the merits of those arguments because, as described below, we agree with defendant that, even if the Moose letter was properly before the court, the state's evidence was insufficient, as a matter of law, to establish that defendant's violation of the terms of the July 27, 1999, document constituted trespass in the second degree. In particular, there was no evidence that defendant's drug offense that occasioned the issuance of the July 27, 1999, document was committed in a drug-free zone, as required for the issuance of an exclusion order pursuant to PCC 14.100. Without proof that the July 27, 1999, document embodied an exclusion order pursuant to that ordinance, the state failed to prove that defendant had "enter[ed] or remain[ed] unlawfully" in violation of ORS 164.245.

ORS 164.245(1) provides:

> "A person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully in a motor vehicle or in or upon premises."

ORS 164.205(3)(b) defines "enter or remain unlawfully" as "[t]o fail to leave premises that are open to the public after being lawfully directed to do so by the person in charge[.]" ORS 164.205(5) defines "person in charge" as "a person, a representative or employee of the person who has lawful control of premises by * * * official position or other legal relationship."

Defendant argues, and the state does not dispute, that violation of the July 27, 1999, document would not constitute second-degree criminal trespass if that document merely imposed, as a condition of probation, a restriction on defendant's entry into drug-free zones. As defense counsel cogently argued to the trial court:

> "The State has introduced a document which * * * states that as a condition of probation, that [defendant] is excluded from any drug-free zone. * * *
>
> "However, I see no authorization in this case or exclusion of [defendant] as a matter of criminal law. That is to say the Judge can certainly impose a number of conditions

of probation. * * * However, the Judge—neither Ms. Oden-Orr nor the Judge who signed this document has been shown to have any authority to exclude [defendant] from Drug-Free Zones as a matter of the Portland City Code. So I would suggest to the Court that there has been no showing of lawful authority here. And that [defendant's presence in the drug-free zone] has not been shown to be criminal conduct, while it may well be a probation violation." ·

Thus, if violation of the July 27, 1999, order is to constitute second-degree criminal trespass, that order must embody and evince authority to exclude beyond the court's authority to exclude as a condition of probation.

■     The state asserts that the source of that authority is PCC chapter 14.100. PCC chapter 14.100 relates wholly to drug-free zones. The state argues, in essence, that the July 27, 1999, document is a "hybrid" imposition of an exclusion from drug-free zones both as a condition of probation imposed by the judge and as an exclusion under the city's ordinance imposed by the deputy district attorney. PCC 14.100.040 provides: "The Chief of Police and/or designees are the persons in charge of the public streets, sidewalks and public ways in the drug-free zones for purposes of issuing exclusion notices in accordance with this chapter." As noted above, the Chief of Police in 1997 authorized deputy district attorneys "to issue conviction based drug-free zone exclusions in accordance with Chapter 14.100 of the Portland City Code." PCC 14.100.030 provides:

"A.    A person is subject to exclusion for a period of ninety (90) days from the public streets, sidewalks and other public ways in one or more drug-free zones designated in Code Chapter 14.100 if that person has been arrested based upon probable cause to believe that the person has committed any of the following offenses within a drug-free zone, unless the offense was committed entirely within a private residence: [listing numerous possession and delivery crimes]

"B.    *A one (1) year exclusion from one or more of the drug-free zones shall take effect upon the date of conviction for any of the offenses enumerated in subsection A of this section if that offense was committed within any drug-free zone.*

"* * * * *

"D. If an excluded person is in any drug-free zone in violation of the exclusion during the exclusion period, that person is subject to immediate arrest for criminal trespass in the second degree pursuant to ORS 164.245." (Emphasis added.)

The state first suggests that defendant is barred from asserting that the July 27 document is legally insufficient to support a conviction for second-degree criminal trespass because, in signing that document, he explicitly agreed: "I will not challenge the lawfulness of this exclusion in this proceeding or any other proceeding." That "anti-collateral challenge" argument misses the mark. Defendant is not challenging the *lawfulness* of the exclusion, *but whether violation of the July 27 document did, in fact, constitute the crime of second-degree trespass*.

Defendant does not dispute that his entry into the drug-free zone on August 13, 1999, violated the condition of probation embodied in the July 27 document. Rather, defendant asserts that the state failed to prove that violation of that document also constituted criminal trespass. In sum, defendant's argument goes not to the "lawfulness" of the July 27 document, but to its nature—*i.e.*, did it also embody an exclusion order pursuant to PCC chapter 14.100?[3] By agreeing not to challenge the "lawfulness" of exclusion under the July 27 document, defendant did not, as the state would have it, stipulate that an act that would otherwise not be criminal would be deemed to be criminal. Thus, defendant's present challenge is not barred by the document's "collateral attack" language.[4]

---

[3] As noted, the document does not refer to PCC chapter 14.100. It does provide that defendant's "failure to comply with this condition *may* also subject [defendant] to arrest for criminal trespass in the second degree per ORS 164.245." (Emphasis added.) However, it does not say that violation necessarily *will* subject defendant to arrest for criminal trespass in the second degree.

[4] Similarly, the state suggests that defendant is precluded from a "collateral attack" on the exclusion order in a criminal proceeding, for the reasons we rejected in *State v. Riddell*, 172 Or App 675, 21 P3d 128 (2001), and urges us to reconsider our holding in that case. *Riddell* is inapposite here. That case concerned whether a defendant could challenge, in a criminal proceeding, the constitutionality of an exclusion order that served as the basis for a trespass charge. In contrast, this case concerns whether the state proved that an exclusion order issued pursuant to the city ordinance even *existed* as the basis for a criminal trespass charge. That is not a "collateral attack" on an exclusion order.

The state acknowledges that an exclusion order cannot issue under PCC 14.100.030B unless the original crime was, in fact, committed in a drug-free zone. The state also acknowledges that there is no "direct evidence" in the record that the underlying drug offense was committed in a drug-free zone. However, the state suggests that defendant's motion for judgment of acquittal was properly denied because "a reasonable factfinder could infer from the issuance of the order that the person issuing it was legally and factually authorized to do so." The state argues that there are two possible inferences to be drawn in this situation: the deputy district attorney properly issued the exclusion pursuant to PCC 14.100.030B for a crime committed within a drug-free zone; or "a rogue deputy district attorney issued an order that she had no authority to issue." The state suggests that, where multiple inference can be drawn from the evidence, it is entitled to the benefit of all reasonable inferences. *Cervantes*, 319 Or at 125.

The problem with the state's argument is that it presupposes that the two inferences that it identifies are the inferences that must be drawn from this evidence. We disagree with the state's implicit characterization of the probation document that embodies the exclusion order as an order that necessarily must be based on PCC 14.100.030B. It is an order that explicitly makes entry into drug-free zones a violation of a condition of probation. It does not purport to be based on PCC 14.100.030B—it contains no reference to the city code at all—and it indicates only that violation of this condition of probation "*may* subject [defendant] to arrest for criminal trespass in the second degree[.]" A deputy district attorney who signs a document indicating that a defendant should be excluded from drug-free zones as a condition of probation is scarcely a "rogue" who is acting beyond her authority if the underlying crime was not committed in a drug-free zone. The condition of probation is valid regardless of whether the underlying offense took place in a drug-free zone. Similarly, a deputy district attorney who agrees to such a condition of probation is not making any implicit assertion that the underlying offense *did* take place in a drug-free zone. In short, the document in question supports neither of the inferences that the state suggests. It does not support an

inference that defendant's underlying drug crime was committed in a drug-free zone; it does not support an inference that the deputy district attorney was acting pursuant to PCC 14.100.030B by agreeing to the exclusion.[5] In short, there is no conflict in the evidence to resolve in the state's favor here. The evidence in question does not give rise to the inference that the state asserts.

There is a difference between inferences that may be drawn from circumstantial evidence and mere speculation. The only inference that can be drawn from the document in question here is that defendant's underlying drug offense was committed in Multnomah County. No evidence, either direct or circumstantial, gives rise to a reasonable inference that the underlying crime was committed in a drug-free zone. Therefore, the state presented no evidence that defendant "fail[ed] to leave premises that are open to the public after being lawfully directed to do so by the person in charge" pursuant to PCC 14.100.030B. ORS 164.205(3)(b). Because the state failed to prove one of the elements of second-degree trespass, the trial court erred in denying defendant's motion for judgment of acquittal.

Reversed.

---

[5] Although Oden-Orr, the deputy district attorney who signed the probation document, testified in this proceeding, she did not indicate the basis for the exclusion. She testified only that defendant pleaded guilty of possession of a controlled substance, and that she followed her normal practice of completing the probation document, signing it, handing it to defense counsel who had his client sign it, and giving it to the judge.