Argued and submitted February 27, conviction for felony assault in the fourth degree reversed, remanded for entry of judgment of conviction for misdemeanor assault in the fourth degree and for resentencing, otherwise affirmed October 15, 2008, petition for review allowed March 26, 2009 (346 Or 115)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MATTHEW ABRAM RADER,
*Defendant-Appellant.*

Marion County Circuit Court
05C48687; A132153

195 P3d 438

Kristin A. Carveth, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

ORTEGA, J.

## ORTEGA, J.

■ Following a bench trial, defendant was convicted on several charges arising from two incidents of domestic violence involving his girlfriend. On appeal, defendant challenges only his conviction for assault in the fourth degree, ORS 163.160. The assault was elevated from a misdemeanor to a felony offense based on the state's allegation, and the trial court's finding, that a minor child witnessed the assault. ORS 163.160(3)(c). Defendant contends that the state's evidence was legally insufficient to prove the aggravating element and that, as a result, he could be convicted only of misdemeanor assault. We agree. Accordingly, we reverse in part, remand for entry of a judgment of conviction for misdemeanor assault in the fourth degree and for resentencing, and otherwise affirm.

Because the state prevailed at trial, we examine the evidence in the light most favorable to the state, accepting reasonable inferences and reasonable credibility choices that the factfinder could have made, to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *State v. Dunlap*, 215 Or App 46, 60, 168 P3d 295 (2007) (stating the standard of review of a trial court's denial of a defendant's motion for a judgment of acquittal). So viewed, the record establishes the following facts.

Defendant and the victim lived in a two-bedroom apartment with the victim's two daughters. The assault charge at issue arose from an argument between defendant and the victim that began in one of the bedrooms. The victim's younger daughter, L—aged three at the time—was in the other bedroom during the beginning of the dispute; her bedroom door was about halfway open. The argument soon moved out into the hallway and, at that point, became physical as defendant began using his body to push the victim down the hallway. The victim, concerned that L could hear the parties shouting, entered L's room and turned up the volume on the television in an attempt to distract her from the argument. As the victim left L's room, defendant reached behind her and closed the bedroom door. He then held the victim's head between his hands and headbutted her, causing a

"very loud" bang as her head slammed against the door. The victim cried out and fell to the floor.

At trial, the state did not call L to testify about what she had witnessed. To establish what L had heard, the state elicited testimony about the size and acoustics of the apartment. The victim testified that the apartment is not very large; it measures between 800 and 900 square feet. She also testified that, if a person stood in the living room and spoke loudly, a person in the bedroom would be able to hear, even if the bedroom door were closed.

At the end of the state's evidence, defendant moved for a judgment of acquittal and, relying on our decision in *State v. Bivins,* 191 Or App 460, 83 P3d 379 (2004), argued that the evidence was insufficient to establish that L had perceived the assault or had recognized the assaultive conduct as it occurred. The trial court denied the motion. On appeal, defendant renews that argument, asserting that the state's evidence concerning whether L witnessed the assault was merely speculative. Defendant contends that no reasonable factfinder could infer from the evidence that L either perceived the assault or recognized defendant's conduct as assaultive. The state counters that, when the evidence is properly viewed in the light most favorable to the state, a factfinder could reasonably infer that L "perceived that the 'very loud' bang against her bedroom door, accompanied by her mother's immediate cries of pain, was the product of an assault by defendant against her mother, * * * especially when it came in the midst of the heated argument she had just witnessed."

ORS 163.160 provides, in part:

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another[.]

"* * * * *

"(2) Assault in the fourth degree is a Class A misdemeanor.

"(3) Notwithstanding subsection (2) of this section, assault in the fourth degree is a Class C felony if the person commits the crime of assault in the fourth degree and:

"* * * * *

"(c) The assault is committed in the immediate presence of, or is witnessed by, the person's or the victim's minor child or stepchild or a minor child residing within the household of the person or victim.

"(4) For the purposes of subsection (3) of this section, an assault is witnessed if the assault is seen or directly perceived in any other manner by the child."

Factors that elevate fourth-degree assault to a felony are material elements of the offense and must be proved beyond a reasonable doubt. *State v. Reynolds*, 183 Or App 245, 251, 51 P3d 684, *rev den*, 335 Or 90 (2002).

■■    In *Bivins*, we construed ORS 163.160(3)(c) as requiring the state, in order to elevate fourth-degree assault to a felony, to prove that "the child personally saw or through some other first-hand sense or sensation was conscious of and recognized the assaultive conduct as it occurred." 191 Or App at 466. When the state relies on an inferred fact to establish the element of an offense, the factfinder may infer the fact only when (1) the state has offered sufficient evidence of the existence of the fact(s) giving rise to an inference to allow a rational factfinder to find the underlying fact(s) beyond a reasonable doubt; and (2) a rational factfinder could find, beyond a reasonable doubt, that the inferred fact follows from the fact(s) giving rise to the inference. *State v. Rainey*, 298 Or 459, 466, 693 P2d 635 (1985). However, a particular inference need not follow inexorably from the established facts. *State v. Beason*, 170 Or App 414, 422-24, 12 P3d 560 (2000), *rev den*, 331 Or 692 (2001). An established fact may support multiple reasonable inferences; it is for the finder of fact to decide which inference to draw. *Id.*

■    Nevertheless, whether particular circumstantial evidence is sufficient to support a particular inference is a question of law. *Bivins*, 191 Or App at 467 (citing *Delgado v.*

*Souders*, 334 Or 122, 135, 46 P3d 729 (2002)). "There is a difference between inferences that may be drawn from circumstantial evidence and mere speculation." *State v. Vaughn*, 175 Or App 192, 201, 28 P3d 636 (2001). As we have noted, the distinction between permissible inferences and impermissible speculation is "sometimes faint," *Hutchinson and Hutchinson*, 187 Or App 733, 741, 69 P3d 815 (2003), but is ultimately "drawn by the laws of logic," *Bivins*, 191 Or App at 467 (internal quotation marks omitted).

We previously considered the issue whether circumstantial evidence offered by the state was legally sufficient under similar circumstances in *Bivins*. Much like here, the charges against the defendant in *Bivins* arose in the context of a domestic disturbance between the defendant and the victim in her home, where her two young children (ages five and three) were also present. In the course of an argument, the defendant threw a telephone against the wall, breaking it. Pushing and shoving followed, and the defendant struck the victim's face with an open hand. 191 Or App at 462-63.

At trial, the state did not call the defendant's older child to testify about what she had witnessed, but instead relied on the victim's testimony that the children had been at home and that, despite being sent to their room when the argument began, the children had wandered out during the fight. The state also established, through testimony from the victim and investigating officers, that the house was very small and that noises from one area of the house could easily be heard in other areas of the house. By the time of trial, however, the victim was no longer a cooperative witness for the state. As a result, she was never asked about the noise level of the fight, the sound made when defendant struck her, whether the bedroom door was open, and whether she knew what the children were doing in their bedroom. *Id.* at 464-65.

The state contended that, because the children were in the house, they could have heard or seen the defendant strike the victim, and thus the jury could infer that the defendant's older daughter heard or saw the assault with sufficient awareness to have witnessed it. *Id.* at 468. We concluded that the state's evidence was speculative because it required stacking of inferences. Although the first two steps in the

state's reasoning were sound, its logic failed at the final step. We explained that, although a jury could infer from common experience that the sound of an open palm striking a face makes a distinctive sound, that inference alone could not establish that the children had actually heard the assault. We reasoned that, although the record showed a protracted fight between the defendant and the victim, the slap was a fleeting occurrence, and nothing in the record allowed an inference that the sound of the slap rose above the noise of the argument, that the children saw or heard the slap, or that, even if they did, they identified it as the sound of the defendant striking the victim. *Id.* at 468-69.

With that guidance in mind, we turn to the facts of this case. As we explained earlier, ORS 163.160(3)(c) requires the state to prove, in order to elevate fourth-degree assault to a felony, that a child "personally saw or through some other first-hand sense or sensation was conscious of and recognized the assaultive conduct as it occurred." *Bivins*, 191 Or App at 466. The state argues that it has met that burden. Although L did not see defendant's assaultive conduct, the state posits that a reasonable factfinder could permissibly infer that, as required by ORS 163.160(3) and (4), L "directly perceived" the assault because (1) there was a "very loud" bang against her bedroom door immediately after the victim left L's room, (2) the victim cried out in pain, and (3) defendant and the victim had been engaged in a heated argument. Implicit in the state's argument are the assumptions that L had heard the "very loud" bang and her mother's cry of pain and was sophisticated enough to recognize that those sounds were caused by defendant's assaultive conduct.

We are not confident, however, that a factfinder could permissibly infer that L heard the described noise at all. We agree that a factfinder could reasonably infer, from common experience, that a sudden, "very loud" bang that occurs when a person's head strikes the door to a room would generally be audible to the room's occupant. *Cf. State v. McWilliams*, 29 Or App 101, 107, 562 P2d 577, *rev den*, 279 Or 1 (1977) (evidence that the victim had been shot with a large caliber handgun from a distance of less than three feet and that the bullet had passed directly through the victim's chest was sufficient to raise a jury question regarding

whether the injury posed a substantial risk of death because it is within "common experience to so infer"). Nevertheless, under the circumstances presented here, where the television's volume was set to some unspecified level, reaching that inference is more problematic. To do so, the factfinder would have to conclude that, although the victim turned up the volume of the television in order to drown out the sound of the argument, the volume was not so loud as to mask the sounds of the victim's head striking the door and then her cry of pain. The factfinder would also have to infer, without any basis in this record for doing so, that L had been paying attention to the dispute outside her bedroom.

Assuming that we could accept the inferences that L heard the sounds of her mother's head striking the door and her mother's cry of pain, those inferences, without more, do not support the further inference that L, a three-year-old child, was sufficiently mature and discerning to recognize the noise as arising from defendant's assaultive conduct toward the victim. Again, the inference that L had been paying attention to the argument is also required.

Nor is the fact that defendant and the victim were in the midst of a heated argument helpful to the state. The state contends that, because the very loud bang and the victim's cries of pain occurred during that argument, L perceived that the sounds were the product of defendant's assaultive conduct. This, too, requires an additional inference: that three-year-old L was sufficiently mature and discerning to formulate such a perception.

Ultimately, too many intermediate inferences are required in order to reach the conclusion that L "directly perceived" defendant's assaultive conduct. ORS 163.160(4). The state's evidence is therefore legally insufficient to permit a reasonable inference that L was "conscious of and recognized [defendant's] assaultive conduct as it occurred." *Bivins*, 191 Or App at 466. Accordingly, defendant's motion for a judgment of acquittal should have been granted.

Conviction for felony assault in the fourth degree reversed; remanded for entry of judgment of conviction for misdemeanor assault in the fourth degree and for resentencing; otherwise affirmed.