Submitted April 25, 2014, in Case Number 12CR0332FE, reversed, in Case Number 12CR0563FE, affirmed March 4, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONALD TRUEL HINER, II,
*Defendant-Appellant.*

Douglas County Circuit Court
12CR0332FE, 12CR0563FE;
A151423 (Control), A151424

345 P3d 478

Peter Gartlan, Chief Defender, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant was convicted of failure to report as a sex offender, *former* ORS 181.599(1)(d) (2011), *renumbered as* ORS 181.812(1)(d) (2013), and assigns error on appeal to the trial court's denial of his motion for a judgment of acquittal on the crime.[1] He contends that the trial court misconstrued *former* ORS 181.599(1)(d) and, as a result, erred in concluding that the state was not required to prove that he had acquired a new residence in order to convict him of the crime. We agree with defendant and, accordingly, reverse.

Defendant was convicted in 2004 of sexual offenses. Among other things, defendant's convictions required him to comply with the sex-offender reporting requirement in *former* ORS 181.599(1)(d). In early 2012, defendant reported to law enforcement that he resided at the Roseburg Rescue Mission, which operates a homeless shelter. To spend the night at the mission, guests must pay a fee or perform chores. The mission's check-in supervisor keeps a daily record of who spends the night at the mission. The mission's records reflected that defendant slept at the mission until late January 2012. Sixteen days after defendant's last recorded stay at the mission, police responded to a report of an argument, encountered defendant, and, because there was a warrant for his arrest, took him into custody. At the time, *former* ORS 181.595 to 181.597 (2011), *renumbered as* ORS 181.806 to 181.808 (2013), required sex offenders to report to law enforcement within 10 days of changing their residence.[2]

The state subsequently charged defendant with failure to report as a sex offender under *former* ORS 181.599(1)(d), which provided:

"(1)  A person who is required to report as a sex offender in accordance with the applicable provisions of ORS 181.595,

---

[1] Defendant also appeals a judgment convicting him of possession of methamphetamine, ORS 475.894, in a case that was consolidated with the failure-to-register case. Because defendant does not raise any assignment of error concerning the drug-possession case, we affirm the judgment in that case.

[2] *See former* ORS 181.595(3)(a)(B) (2011), *renumbered as* ORS 181.806(3)(a)(B) (2013); *former* ORS 181.596(4)(a)(B) (2011), *renumbered as* ORS 181.807(4)(a)(B) (2013); *former* 181.597(1)(c)(B) (2011), *renumbered as* ORS 181.808(1)(a)(B) (2013).

181.596, or 181.597 or 181.609 and who has knowledge of the reporting requirement commits the crime of failure to report as a sex offender if the person:

"* * * * *

"(d)   Moves to a new residence and fails to report the move and the person's new address[.]"

Defendant opted for a bench trial. The state presented evidence at trial sufficient to support a finding that defendant had left his residence at the Roseburg Rescue Mission 16 days before his arrest by the police and had not reported to law enforcement during that time. It did not present evidence on where defendant had lived after leaving the mission. Defendant moved for a judgment of acquittal at the close of the state's case, arguing that the state was required to prove that he had acquired a new residence, and the state had failed to present evidence to support such a finding. The trial court denied defendant's motion, concluding that the state was required to prove only that defendant had left his former residence and had failed to report to law enforcement within 10 days of doing that. The court convicted defendant of failure to report as a sex offender, and he appealed.

On appeal, defendant renews his contention that, in order to convict him of violating *former* ORS 181.599(1)(d), the state was required to present evidence sufficient to support a finding that he had acquired a new residence. He argues that the phrase "moves to a new residence" in *former* ORS 181.599 should be construed to mean a "completed change of residence or the settlement into a new residence." Additionally, defendant notes that *former* ORS 181.599(1)(d) was amended in 2009, and, under the preamendment version of the statute, the reporting requirement was triggered when a sex offender left the offender's former residence. *See State v. Cox*, 219 Or App 319, 323, 182 P3d 250 (2008) (holding that the obligation to report a "change of residence" was triggered upon leaving former residence). By amending the statute, he reasons, the legislature must have intended to change the circumstances under which a person was required to report. The state responds that, by using the present rather than past tense of the verb "move," the legislature signaled its intention to require sex offenders to

report after they begin the process of moving to a new residence, rather than when a move is completed.

*Former* ORS 181.599(1)(d) required a sex offender to report to law enforcement within 10 days of the date that the offender "moves to a new residence." That phrase directly says that, for the sex offender to have a duty to report, the offender must have moved to a new residence. If that is the correct understanding of the statute, then the reporting requirement was triggered when defendant had both left the mission and acquired a new residence. However, the state's reading of *former* ORS 181.599(1)(d) is also plausible. The state notes that the legislature chose to use the present rather than past tense of the verb "move." That suggests, in turn, that it was the legislature's intention to require sex offenders to report a change in residence while a move was in progress because, otherwise, it would have used the past tense to signify that the duty to report was triggered when the move was completed. If that is the correct construction of the statute, then defendant's duty to report was triggered when defendant left the mission.

The statutory context is instructive. Once the reporting requirement is triggered under *former* ORS 181.599(1)(d), a sex offender is required to report the sex offender's "new address." That requirement suggests that the legislature envisioned that sex offenders would have an address to report when the reporting requirement was triggered. Likewise, *former* ORS 181.598(2) (2011), *renumbered as* ORS 181.811(4) (2013), which requires the state to verify certain sex offenders' residences, assumes that sex offenders will have acquired a residence to verify. Together, those statutory features demonstrate that the legislature envisioned that sex offenders would have a residence when the duty to report was triggered. That suggests that the duty to report is triggered only when the sex offender has both left the offender's former residence to go to a new residence and has acquired a new residence.

The statute's legislative history also suggests that the duty to report is triggered only after a sex offender has both left the former residence and acquired a new one. The legislature amended *former* ORS 181.599(1)(d) in 2009 to

ensure that the state would be able to establish venue for the crime in at least one county, the county in which the sex offender formerly resided. The legislature took that action in response to our decision in *State v. Macnab*, 222 Or App 332, 194 P3d 164 (2008), a case involving Oregon's constitutional venue requirement.

To understand the legislature's intention in adopting the 2009 amendment, it is helpful to describe Oregon's venue requirement and our application of it in *Macnab*. Article I, section 11, of the Oregon Constitution provides, among other things, that, "[i]n all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed." If the "conduct constituting elements of an offense * * * occur[s] in two or more counties, trial of the offense may be held in any of the counties concerned." ORS 131.315(1).

In *Macnab*, decided a year before the legislature amended *former* ORS 181.599(1), we reversed a conviction for failure to report as a sex offender on the ground that the state had failed to prove venue. 222 Or App at 334. The defendant in *Macnab* was prosecuted in Benton County for failing to comply with a requirement to report his residence to law enforcement annually. At trial, the state sought to prove venue for that offense in Benton County by presenting evidence that the defendant had reported to law enforcement in Benton County the last time that he had fulfilled the annual reporting requirement and that he resided in Benton County at the time of the trial, which was two years after he had failed to report. Defendant was convicted, and he appealed. We concluded that the state had failed to present evidence from which a reasonable jury could find that defendant had resided in Benton County when he committed the offense, *viz.*, on the anniversary of his last report to law enforcement. Notwithstanding that the defendant had lived in Benton County both before and after he committed the offense, we concluded that it was "too speculative" for the jury to infer from those facts that the defendant resided in Benton County when he violated the reporting requirement. *Id.* at 336.

*Macnab* complicated the state's ability to prove venue in certain sex-offender reporting cases.[3] The legislature responded to *Macnab* by amending *former* ORS 181.599(1)(d) to make the act of leaving the sex offender's former residence an element of the offense of failure to report as a sex offender. The legislature believed that that change would make it easier for the state to establish venue because proof of the location of the sex offender's former residence would establish venue in the county of the former residence.

The legislative record of the bill containing the 2009 amendment, House Bill (HB) 2171 (2009), confirms that understanding of the amendment. In carrying HB 2171 on the House floor, Representative Whisnant summarized the amendment's effects:

"[T]he bill requested by the Oregon State Police *authorizes prosecution for failure to report as a sex offender following change of address in either the county in which the sex offender previously reported or in the county in which the sex offender now resides.* There are some loopholes in the current reporting statute that make it very difficult to prosecute charges of failing to register as a sex offender. This issue concerns * * * the changes in venue, [correcting] problems that arise because of lack of clarity in the current statute."

Audio Recording, House Floor Debate, HB 2171, Apr 29, 2009, at 01:06:27 - 01:07:00 (statement of Rep Gene Whisnant), https://olis.leg.state.or.us (accessed Feb 25, 2015) (emphasis added). We conclude that the reporting requirement is triggered when the defendant has both left his former residence and acquired a new residence. Therefore, to show that defendant failed to report as a sex offender, the state was required to prove both of those elements at trial.

We turn to the trial court's denial of defendant's motion for a judgment of acquittal to determine whether a rational factfinder, viewing the evidence in the light most favorable to the state, could have found that the state had

---

[3] The Supreme Court subsequently reexamined the venue requirement and concluded that, unless a defendant raises the issue of venue before trial, the state is not required to prove venue. *See State v. Mills*, 354 Or 350, 371-73, 312 P3d 515 (2013).

proved the essential elements of the crime beyond a reasonable doubt. *State v. Bivins*, 191 Or App 460, 462, 82 P3d 379 (2004). The state may rely on circumstantial evidence and reasonable inferences flowing from that evidence to establish any element of a charged crime. *Id.* at 466. However, "there is a difference between inferences that may be drawn from circumstantial evidence and mere speculation." *State v. Vaughn*, 175 Or App 192, 201, 28 P3d 636 (2001). We have described an impermissible inference as one that "requires too great an inferential leap," *State v. Lopez-Medina*, 143 Or App 195, 201, 923 P2d 1240 (1996), and one that requires a "stacking of inferences" that is "too speculative," *State v. Piazza*, 170 Or App 628, 632, 13 P3d 567 (2000).

At trial, the state presented evidence sufficient to support a finding that defendant had left his residence at the Roseburg Rescue Mission 16 days before his arrest by the police and had not reported to law enforcement during that time. However, the state did not present evidence sufficient to support a nonspeculative finding that defendant had acquired a new residence. Hence, the trial court erred in denying defendant's motion for a judgment of acquittal. Accordingly, we reverse defendant's conviction.

In Case Number 12CR0332FE, reversed. In Case Number 12CR0563FE, affirmed.