Submitted April 1; in Case Number 13CR2380FE, reversed; in Case Number 14CR0259FE, affirmed; in Case Number 14CR0522FE, conviction on Count 2 reversed, remanded for resentencing, otherwise affirmed June 2, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

IAN MICHAEL VINCENT WILLIAMS,
*Defendant-Appellant.*

Douglas County Circuit Court
13CR2380FE, 14CR0259FE, 14CR0522FE;
A157998 (Control), A157999, A158000

377 P3d 677

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

**PER CURIAM**

In this appeal, defendant challenges two of his convictions for failure to register as a sex offender, *former* ORS 181.812 (2013), *renumbered as* ORS 163A.040 (2015): the single count in Case Number 13CR2380FE; and Count 2 in Case Number 14CR0522FE.[1] *Former* ORS 181.812(1)(d) (2013) requires that, when a person required to report as a sex offender "[m]oves to a new residence," that person must "report the move and the person's new address." The basis for defendant's appeal is that the facts of his case are indistinguishable from the facts in *State v. Hiner*, 269 Or App 447, 452, 345 P3d 478 (2015), in which we held that "the reporting requirement is triggered when the defendant has both left his former residence and acquired a new residence." That is, as in *Hiner*, the state failed to prove that defendant had acquired a new residence after he left previous residences and, therefore, the trial court erred in denying his motions for judgment of acquittal. The state concedes that *Hiner* is controlling in this case, that defendant was entitled to judgments of acquittal on the two counts that he challenges on appeal, and that the convictions for those counts should be reversed. We agree, accept the state's concession, and reverse.

In Case Number 13CR2380FE, reversed. In Case Number 14CR0259FE, affirmed. In Case Number 14CR0522FE, conviction on Count 2 reversed; remanded for resentencing; otherwise affirmed.

---

[1] Although defendant appeals the judgment of conviction in 14CR0259FE, he does not raise a challenge to it, and, for that reason, we affirm that judgment.