Submitted July 31, 2018, reversed November 6, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*
JERRY ALLEN MILLER,
*Defendant-Appellant.*

Curry County Circuit Court
16CR36960; A163589

454 P3d 14

Defendant appeals from a judgment of conviction for one count of failure to report as a sex offender, ORS 163A.040(1)(d) (2015). He contends that the trial court erred by denying his motion for judgment of acquittal because, in his view, the state failed to prove that he had established a new residence. *Held*: The trial court erred. No evidence was offered to show that defendant established any sort of permanent living arrangement (beyond a sojourn) as required by *State v. Lafountain*, 299 Or App 311, 327, 451 P3d 246 (2019), thus requiring a factfinder to speculate as to whether defendant had established a new residence.

Reversed.

Jesse C. Margolis, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Mooney, Judge.

MOONEY, J.

Reversed.

**MOONEY, J.**

Defendant appeals from a judgment of conviction for one count of failure to report as a sex offender, ORS 163A.040(1)(d) (2015),[1] contending that the trial court erred by denying his motion for judgment of acquittal. On appeal, he argues that the state failed to prove that he had established a new residence as required by *State v. Hiner*, 269 Or App 447, 450, 345 P3d 478 (2015) ("[D]uty to report is triggered only after a sex offender has both left the former residence and acquired a new one."). In light of our recent decision in *State v. Lafountain*, 299 Or App 311, 327, 451 P3d 246 (2019) (the term residence "refers to a place where a person is settled beyond just a transient visit or sojourn"), we agree with defendant and reverse.

Under ORS 163A.040(1)(d) (2015), "[a] person who is required to report as a sex offender *** and who has knowledge of the reporting requirement commits the crime of failure to report as a sex offender" if, among other things, the person fails to report a change of residence within 10 days. Defendant stipulated below that he is a person who is required to register as a sex offender and that he had knowledge of the reporting requirements. Therefore, the only disputed issue is whether defendant changed his residence and thereafter failed to timely report the new address.

When reviewing the denial of a motion for judgment of acquittal, "we view the evidence in the light most favorable to the state to determine whether a rational factfinder could have found the elements of the offense beyond a reasonable doubt." *State v. Harper*, 296 Or App 125, 126, 436 P3d 44 (2019). We describe the pertinent facts consistently with that standard.

In June 2016, defendant was homeless and living in his van with a registered "[r]esidential [a]ddress" of "[o]ff 101 up Carpenterville [Road] slightly" in Brookings, Oregon. Logs kept by park rangers at the Harris Beach State Park (approximately one and one-half miles away

---

[1] That statute was amended in 2017. Or Laws 2017, ch 418, § 1. The 2017 amendments apply to conduct occurring on or after the effective date of the amendments and are not at issue in this case.

from the Carpenterville Road location) reflect that defendant's van was present in the park's rest area every night and every morning for a 16-day period, from May 31 to June 16, 2016. Defendant was arrested two days later, on June 18, 2016, and subsequently charged with failure to report as a sex offender based on his 16-day stay at Harris Beach State Park.

At trial, Ranger Liles testified that the rest area was designed for short term, transient use by travelers and that park rules prohibit individuals from remaining in the rest area for more than 12 hours in a 24-hour period and from staying there for more than three nights in a row. She further testified that, during the 16-day period in question, she observed defendant spend his days sitting in his van at the day use area of the park (leaving his van at times to use the restroom) and his nights "across the street at the rest area." Defendant testified that the Harris Beach rest area was never "intended to be a permanent spot." At the time of his arrest on June 18, 2016, defendant was no longer staying at Harris Beach State Park.

As we explained in *Hiner*, 269 Or App at 450, in a prosecution for failure to report as a sex offender under ORS 163A.040(1)(d) (2015), the state must prove both that the individual has left his or her "former residence and acquired a new one." In *Lafountain*, 299 Or App at 327, we clarified that, in order to establish that an individual "acquired" a new residence, the state must prove that the person was "settled beyond just a transient visit or sojourn." Evidence that a person was simply passing through, visiting, or spending limited time at a place other than his or her registered residence would not, without more, be sufficient.

In our view, the evidence in the record before us was not sufficient to allow a rational factfinder to conclude that defendant acquired a new residence at Harris Beach State Park within the meaning of ORS 163A.040(1)(d) (2015) as interpreted in *Lafountain*. It is undisputed that his stay there was temporary, only 16 days in a location that was designed for short-term, transient use. Significantly in this context, by the time of defendant's arrest he had already moved on to an unidentified location. No evidence was

offered to show that defendant established any sort of permanent living arrangement (beyond a sojourn) at the park/rest area. The factfinder would be required to speculate as to whether defendant had established a new residence within the first six days of his stay at the park/rest area to trigger the reporting requirement (*i.e.*, within 10 days).

The trial court erred by denying defendant's motion for judgment of acquittal. We, therefore, reverse.

Reversed.