STATE OF OREGON,
*Respondent,*

*v.*

EUGENE LOUIS STACY,
*Appellant.*

(91C-20070; CA A69253)

830 P2d 624

Mark J. Geiger, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant appeals his conviction, after trial to the court, on two counts of sexual abuse in the first degree. ORS 163.425. We affirm.

On December 15, 1990, defendant approached a seven-year-old girl standing alone in the aisle of a department store toy section and touched her on the buttocks. The girl turned, looked at him and ran to her sisters. She testified that defendant had "spanked" her softly and that it made her feel "yucky." Moments later, defendant approached a nine-year-old girl standing alone in an aisle and touched her on the buttocks. She turned and looked at him and, after he walked on, told her mother. She testified that defendant had "tickled" her buttocks and that she felt "scared." The girls' mothers told the store manager, Oliver, who phoned the police. Defendant was arrested at the store.

■■ Defendant assigns error to the court's denial of his motion for a judgment of acquittal. We review the evidence in the light most favorable to the state and determine whether any rational trier of fact could have found beyond a reasonable doubt the essential elements of sexual abuse in the first degree. *State v. Rose*, 311 Or 274, 281, 810 P2d 839 (1991).

ORS 163.425 (*since amended and renumbered by* Or Laws 1991, ch 830, § 3) provided:

"(1)    A person commits the crime of sexual abuse in the first degree when that person:

"(a)    Subjects another person to sexual contact; and

"(A)    The victim is less than 12 years of age * * *."

ORS 163.305(6) provides:

" 'Sexual contact' means any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."

At trial, the state argued that the girls' buttocks are intimate body parts. In *State v. Woodley*, 306 Or 458, 760 P2d 884 (1988), the court held that, to show that a body part is intimate, the state must prove beyond a reasonable doubt that the part was

"subjectively *intimate to the person touched*, and either known by the accused to be so or to be an area of the anatomy that would be objectively known to be intimate by any reasonable person." 306 Or at 463.

There was evidence from which a rational trier of fact could have found that both girls subjectively considered their buttocks as intimate. Both reacted with surprise when defendant touched them and immediately told their mothers. The seven-year-old said that the contact made her feel "yucky," and Oliver described her mental state after the touching as "quite excited, nervous and scared. She was standing by her mother and seemed rather upset." The nine-year-old said that the touching "scared" her. Oliver testified that she seemed "calmer" than the other girl but "bashful and quite reserved."

There was also evidence from which a rational trier of fact could have found that a reasonable person would have known that the girls' buttocks were intimate under the circumstances. There was evidence that defendant knew neither girl, approached them when they were alone and touched them when he could have avoided doing that. The court did not err.

Defendant also argues that there was no evidence that one girl was under age 12. However, she testified that she was seven. We need not address the remaining assignment of error.

Affirmed.