Argued and submitted April 30, 1992, reversed and remanded for entry of judgment of acquittal February 17, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# ANGEL MONSERRATE TIRADO,
*Appellant.*

## (90-4279-C; CA A69172)

846 P2d 1201

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010. The issue is whether the state proved venue in Jackson County. We reverse.

At the close of the state's case, defendant moved for a judgment of acquittal, contending that the state had failed to establish venue. The court denied the motion. Venue must be established beyond a reasonable doubt. Or Const, Art I, § 11; *State v. O'Neall*, 115 Or App 62, 66, 836 P2d 758, *rev den* 314 Or 574 (1992). The state may prove venue through either direct or circumstantial evidence. *State v. Miranda*, 309 Or 121, 130, 786 P2d 155, *cert den* 498 US 879, 111 S Ct 212, 112 L Ed 2d 171 (1990). The trial court may take judicial notice of venue facts, but it must inform the jury if it does. *State v. Jones*, 240 Or 129, 132, 400 P2d 524 (1965). The court did not take judicial notice in this case.

We review the evidence in the light most favorable to the state to determine whether any rational trier of fact could have found venue in Jackson County beyond a reasonable doubt. *See State v. Stacy*, 113 Or App 141, 143, 830 P2d 624, *rev den* 314 Or 176 (1992). The evidence showed that a federal law enforcement officer stopped defendant on Avenue "G," one-half mile from the White City Veteran's Administration Domiciliary. He was arrested by an Oregon state officer assigned to patrol Highway 62. No evidence placed those locations in Jackson County.

The state argues that the court could have taken judicial notice that White City is in Jackson County. That is irrelevant; it did not do that. The state also asserts that it proved venue through circumstantial evidence. It did not.

In *State v. Cooksey*, 242 Or 250, 409 P2d 335 (1965), a state police officer testified that he was north of Roseburg in Douglas County when he was sent to the police station in Winston. From there, he drove 15 minutes to reach the crime scene, which was about three-fourths of a mile past the Porter Creek Store on Highway 42 and then another 25 minutes from there to Roseburg. The court held that the state had not proved venue, because it had not shown how far Winston was from the border of Douglas County. The jurors could not

determine from the evidence if the crime had occurred in Douglas County.

The same rule applies here. The state did not prove that Avenue "G," the Veteran's Administration Domiciliary and Highway 62 are in Jackson County or that defendant drove in Jackson County. The state argues that there is only one such domiciliary in Oregon, that it is in White City, that White City is near Medford and that it is common knowledge that Medford is in Jackson County. None of those facts was proved through evidence at trial.[1] Because of the state's failure to prove venue, the court erred in refusing to grant defendant's motion for judgment of acquittal.

Because of our determination on this assignment, we do not reach defendant's other assignment of error.

Reversed and remanded for entry of judgment of acquittal.

---

[1] *State v. Kacalek*, 34 Or App 967, 580 P2d 205 (1978), on which the state relies, is distinguishable. There, the officer testified that he was a Marion County Deputy Sheriff on routine patrol in Hubbard, when he observed the defendant driving. We concluded that the officer's description of his position and the location of his patrol permitted the jury to infer that the driving offense occurred in Marion County. No evidence in this case linked the federal officer, the state police officer or any area that they routinely patrolled to Jackson County.