Submitted April 29, reversed June 9, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GEORGE JOHN TURNER,
*Defendant-Appellant.*

Washington County Circuit Court
C080252CR; A140117

234 P3d 993

Peter Gartlan, Chief Defender, and Susan F. Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Edmonds, Senior Judge.

HASELTON, P. J.

Edmonds, S. J., concurring.

## HASELTON, P. J.

Defendant appeals a judgment of conviction for one count of failure to report as a sex offender, ORS 181.599 (2005).[1] On appeal, defendant assigns error to the trial court's denial of his motion for judgment of acquittal on the ground that the state failed to prove venue. For the reasons that we will explain, we reverse.

Defendant, a registered sex offender, was tried on stipulated facts as stated by the prosecutor at trial:

"[T]he defendant last reported his residence to be at the Washington County Community Correction Center here in Hillsboro, Washington County, Oregon on April 30th, 2007. He was released from that facility on October 30th, 2007. On that particular date he had a conversation with an employee at that center whereby the employee told him that he needed to register upon his release of his new address.

"In addition in that particular conversation there was mention that he might be living with his brother of Multnomah County, however there was no mention of where this particular residence was and there was no knowledge of where his address was going to be. No one knew where he was going to be living and knew subsequently where he was residing.

"A police officer did an investigation on November 16th, 2007. The defendant had no[t] registered his new address;

---

[1] ORS 181.599 (2005) provided, in part:

"(1) A person who is required to report as a sex offender and who has knowledge of the reporting requirement commits the crime of failure to report as a sex offender if the person fails, as required by ORS 181.595, 181.596 or 181.597, to:

"* * * * *

"(c) Report following a change of residence * * *[.]"

In turn, ORS 181.595(3)(b)(A) (2005) provided that, after initially reporting as a sex offender, a person was required to report in person "[w]ithin 10 days of a change of residence."

ORS 181.595 was amended in 2009. *See* Or Laws 2009, ch 204, § 1; Or Laws 2009, ch 713, § 20. Those amendments, however, do not apply in this case. *See* Or Laws 2009, ch 204, § 10; Or Laws 2009, ch 713, § 24(1). Similarly, ORS 181.599 was amended and certain paragraphs were renumbered in 2009, but those amendments do not apply in this case. *See* Or Laws 2009, ch 204, §§ 4, 10; Or Laws 2009, ch 713, §§ 5, 5a, 24.

this was after the ten day grace period the State gives a person to register. And as of December 14th, 2007 the day this was indicted—actually this was indicted in January of '08, the defendant still had not registered and had not updated his new address."

Of significance, the stipulated facts did not include any information concerning where the offense was committed, where defendant resided, or where defendant was arrested.

Defendant moved for a judgment of acquittal on the ground that the state failed to prove venue. The trial court denied the motion. Defendant appealed.

■ On appeal, defendant contends that, because venue "is a material allegation that must be proven beyond a reasonable doubt," the trial court erred in denying his motion for judgment of acquittal where the stipulated facts "were insufficient to prove that venue for defendant's failure to register existed in Washington County." The state acknowledges that "[t]he stipulated facts include no information about where defendant was arrested or where he committed the offense of having failed to register as a sex offender." Nonetheless, the state contends that

"Oregon appellate courts have generally treated venue as a material allegation of the indictment that must be proven beyond a reasonable doubt. However, it would be proper to correct the long-standing confusion regarding the role of venue in criminal trials, both to bring the analysis in line with the framers' intent and to prevent miscarriages of justice. Oregon courts should cease to treat venue as an element, except in instances where a crime may have occurred outside of this state."

(Internal quotation marks and citations omitted.)

■ "In determining whether there is sufficient evidence to support a conviction in a criminal case, we must determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). As the Supreme Court stated in *Cervantes*, "Article I, section 11, of the Oregon Constitution guarantees a criminal defendant the right to a trial 'in the county in which the offense shall

have been committed.' This venue requirement is a material allegation of the indictment that must be proven beyond a reasonable doubt." *Id.* at 123.

Here, we agree with defendant and the state that the stipulated facts contained no direct information concerning venue and no information from which venue could be inferred.[2] *Cf. State v. Macnab*, 222 Or App 332, 194 P3d 164 (2008) (discussing the use of circumstantial evidence from which venue may be inferred). We also decline the state's invitation to cease treating venue as a material allegation that must be proved beyond a reasonable doubt. That is so because we remain bound by Supreme Court precedent until such time as that court reconsiders and disavows it. Accordingly, the trial court erred in denying defendant's motion for judgment of acquittal.

Reversed.

**EDMONDS, S. J.,** concurring.

I agree with the majority's disposition of this case in light of the state's concession. In its brief, the state concedes, "The stipulated facts include no information about where defendant was arrested or where he committed the offense of having failed to register as a sex offender." The state proceeds to make only one argument on appeal—that defendant waived his right to object to venue. In light of the state's position, the majority correctly holds that Article I, section 11, of the Oregon Constitution disposes of the state's argument. I write separately to express the following personal observations.

Article I, section 11, provides, in part, that, "[i]n all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed[.]" Pursuant to Article I, section 11, the Supreme Court, in *State v. Cervantes*, 319 Or 121, 123, 873 P2d 316 (1994), held that venue is a material allegation that must be proved beyond a reasonable doubt in order to convict a person of a criminal offense in the State of

---

[2] To the extent that there is some question as to where venue properly lies when a defendant is charged with failure to report as a sex offender, this case does not raise that issue because the state failed to adduce any evidence as to venue.

Oregon. Nonetheless, the state argues that venue under Article I, section 11, should not be viewed as a necessary allegation for the state to prove a crime charged under ORS 181.599 (2005), but only a right that can be waived. In this case, the state submits that defendant waived his right in light of the fact that defendant made no motion for a change of venue. However, I understand the concept of waiver to connote a voluntary relinquishment of a known right. In my view, the mere failure of a defendant to move for a change of venue could not constitute a voluntary relinquishment of his right under Article I, section 11, to require the state to prove venue in light of the Supreme Court's holding in *Cervantes*. In other words, defendant could properly assume that such a motion was not necessary in light of the established burden under the law of the state to prove venue as a material allegation. I would therefore conclude on the facts in this case that, even if the right under Article I, section 11, to object to venue is subject to the doctrine of waiver, there is insufficient evidence in this case that defendant, in fact, waived that right.

Further, the gravamen of the crime alleged under ORS 181.599 (2005) is defendant's failure to report within a prescribed time period to the Department of State Police, a chief of police or a county sheriff, or to the supervising agency. ORS 181.595(3) (2005). The venue issue arises in this case because ORS 181.595(3) (2005) is silent regarding a requirement as to where a defendant must report in order to comply with the requirements of the statute. In this case, defendant was released from the Washington County Community Correction Center on October 30, 2007. Under the governing statute, he was required to report within 10 days of his release. Defendant could have complied with that requirement by reporting with any one of the statutorily enumerated agencies at any location in the state. He was indicted in Washington County on January 18, 2008, for failing to report. The indictment alleges that "on or between November 10, 2007 to December 14, 2007, in Washington County, Oregon," defendant "fail[ed] to report, as required, to [an] appropriate agency or official." The indictment appears to allege that defendant was in violation of his statutory duty to report during that period of time while in Washington

County. Ordinarily, venue is demonstrated by proof regarding where a crime is committed. But the governing statute in this case does not by its terms require defendant to report in Washington County despite the allegation in the indictment. Indeed, defendant could have complied with ORS 181.599 (2005) by reporting in any county. So the question becomes what evidence is necessary in order to prove venue for purposes of Article I, section 11, when defendant could have complied with ORS 181.599 (2005) by reporting in any county.[1]

It is axiomatic that the legislature, by enactment of statutes, cannot trump or circumvent the requirement in Article I, section 11, as interpreted by the Supreme Court in *Cervantes*, and presumably the legislature was aware that the state was constitutionally required to prove venue as part of its allegations against defendant for his failure to report. Moreover, it is inferable that the legislature's silence regarding a county in which reporting must occur was intended to facilitate reporting by sex offenders. Those understandings lead to the conclusion that the legislature must have contemplated that venue requirements for purposes of ORS 181.599 (2005) are governed by the more general venue statutes.

ORS 131.305(1) provides that, subject to certain exceptions, "criminal actions shall be commenced and tried in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred." Here, the failure to report in any county may be the "result" that the legislature had in mind for purposes of ORS 131.305(1). However, the state does not argue in this case that the stipulation of facts complies in that regard with ORS 131.305(1).

Another general venue statute that the legislature could have contemplated as applicable to ORS 181.599 (2005) is ORS 131.325. It provides that, if an offense is committed within the State of Oregon "and it cannot readily be determined within which county the commission took place," trial

---

[1] Arguably, venue under the statute could exist in any county because the statute does not provide that reporting must occur in a particular location. Also, in order to prove the material allegations of the indictment, the state was required to prove that defendant did not report to any of the listed agencies. Proof of a failure to report under ORS 181.599 (2005) appears to require a statewide search of the records of the listed agencies regardless of their location.

may be held in the county in which the defendant resides or is found. However, the applicability of ORS 131.325 to 181.599 (2005) is problematic because ORS 131.325 assumes the existence of a site of a crime and circumstances where the site cannot be readily determined, whereas ORS 181.599 (2005) evidences a legislative intention to dispense with a particular location for reporting. Again, the state does not rely on ORS 131.325 in this case.

My purpose in making the above observations is to alert the legislature to the ramifications of its omission of any requirement under ORS 181.599 as to where reporting must occur, in the event of a desire for a "legislative fix." To summarize: As this court views the applicable law, the state must prove venue beyond a reasonable doubt as part of its case-in-chief under ORS 181.599 (2005), because venue is a material allegation that must be proved under Article I, section 11. The practical problem for practitioners under the statute is in discerning what evidence will satisfy the state's burden in that regard. On the latter issue, my observations should not be understood as expressing any reasoning, decision, or will of the court, but are offered merely to help inform the conundrum that the statute creates regarding the site of the crime of failing to report as a sex offender.