Argued and submitted January 31, reversed March 14, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH HERBERT MILLS,
*Defendant-Appellant.*

Washington County Circuit Court
D100632T; A145446

274 P3d 230

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Ariel Vee, Certified Law Student, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Deputy Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

Haselton, P. J., concurring.

## ARMSTRONG, J.

Defendant appeals a conviction for one count of driving while revoked, ORS 811.182, assigning error to the denial of his motion for a judgment of acquittal for failure by the state to prove venue. Defendant contends that the evidence at trial was insufficient to support a finding that he had committed the offense in Washington County, which is the county in which the offense was charged and tried. We agree and, accordingly, reverse.

The state introduced evidence at trial that a City of North Plains reserve police officer used a laser device to determine that defendant was driving a vehicle at 80 miles per hour near milepost 57 on Highway 26. The officer testified that he pursued defendant and pulled him over near milepost 56. When the officer asked defendant for his driver's license, defendant admitted that his license was suspended, which led the state to charge him for driving while revoked.

After the state rested its case, defendant moved for a judgment of acquittal, arguing that the state had failed to prove that he had committed the offense in Washington County. The state responded that a reasonable factfinder could find that defendant had committed the offense in North Plains and that North Plains is in Washington County. The court denied the motion, reasoning that, although a reasonable factfinder would not know that North Plains is in Washington County, "everybody knows where Highway 26 is. And that means everybody knows that it's in Washington County."

Defendant assigns error to the denial of his motion for judgment of acquittal. He contends that the facts that the state established—that a North Plains police officer determined defendant's speed near milepost 57 and pulled defendant over near milepost 56 on Highway 26—are insufficient to prove venue because nothing in the record establishes that North Plains or mileposts 56 and 57 on Highway 26 are in Washington County. The state disagrees. In its view, "evidence that the offense took place in North Plains near milepost 56 on Highway 26" is sufficient to prove venue in Washington County.

"In reviewing the denial of a motion for a judgment of acquittal, we review the record and all reasonable inferences that may be drawn therefrom in the light most favorable to the state to determine whether a jury could find all of the elements of the charged offenses beyond a reasonable doubt."

*State v. Means*, 213 Or App 268, 272, 160 P3d 1001 (2007).

Subject to certain exceptions inapplicable to this case, ORS 131.305 requires that criminal actions "be commenced and tried in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred." Although venue is not an element of an offense, it is a material allegation that the state must prove beyond a reasonable doubt. *State v. Cervantes*, 319 Or 121, 123, 873 P2d 316 (1994).[1] "[T]hus, inquiries into the sufficiency of the evidence apply to venue[.]" *Means*, 213 Or App at 272.

Although the state may establish venue through circumstantial evidence, the jury "may not engage in speculation or guesswork." *Id.*

" 'The line is drawn by [principles] of logic. If there is an experience of logical probability that an ultimate fact will follow a stated narrative or historical fact, then the jury is given the opportunity to draw a conclusion because there is a reasonable probability that the conclusion flows from the proven facts.' "

*State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004) (quoting *Tose v. First Pennsylvania Bank, N.A.*, 648 F2d 879, 895 (3d Cir), *cert den*, 454 US 893 (1981)). If the evidence forces the factfinder to stack inferences to the point of speculation in order to find a fact, then the evidence is legally insufficient to support a finding of that fact. *Id.*

---

[1] The state argues that venue should not be treated as a material allegation of an indictment that must be proved beyond a reasonable doubt, but it recognizes that we remain bound by the Supreme Court's authority to the contrary, *Cervantes*, 319 Or at 123. *See State v. Turner*, 235 Or App 462, 466, 234 P3d 993 (2010) (rejecting same argument "because we remain bound by Supreme Court precedent until such time as that court reconsiders and disavows it").

In *Cervantes*, the Supreme Court concluded that the state had presented sufficient evidence to support a reasonable inference that the defendant had committed the charged offense in Coos County. 319 Or at 126-27. The evidence supported a finding that the defendant had committed the offense in the City of Coos Bay, which, according to the court, led to the corollary question whether "there [was] sufficient evidence in the record from which the jury reasonably could infer that the City of Coos Bay is located in Coos County." *Id.* at 126. The court concluded that the record contained such evidence, *viz.*, testimony of the coordinator of the Coos County Crime Victims' Assistance office, because

> "the jury reasonably could infer that the City of Coos Bay is in Coos County based on the fact that the coordinator for the Coos County Victims' Assistance office, who acts as a liaison between the police, the prosecutor, and the victim, had contact with the victim while acting in her official capacity, where both the victim and the law enforcement agency were located in the City of Coos Bay."

*Id.* at 126-27.

In *Means*, in contrast, we determined that the state had failed to submit evidence sufficient to prove that certain offenses had occurred in Multnomah County. 213 Or App at 272. The defendant was convicted of a number of counts of identity theft and fraudulent use of a stolen credit card. She appealed her convictions involving three credit card transactions, contending that the state had not proved that she had committed the offenses in Multnomah County. *Id.* at 270. The record contained evidence that the credit card had been stolen from a tavern in Vancouver, Washington, and that the police had found the card in a Portland motel in which the defendant was staying.

One of the owners of the tavern testified that he was able to have three transactions "that were made to Tri-Met, Overlook, in Portland" reversed. The state also introduced evidence that established that other transactions involving the credit card had occurred in Multnomah County and that the motel where the police found the card was in Multnomah County.

We concluded that the state had not presented "sufficient evidence to establish that the three Tri-Met transactions occurred in Multnomah County." *Id.* at 272. We recognized that there was evidence that the disputed transactions had taken place in Portland. We concluded, however, that nothing in the record established that they had occurred in Multnomah County because there was no evidence about the location of Overlook in relation to Multnomah County: "Although it is certainly possible that some of the jurors were familiar with the location of the Overlook area and its relation to Multnomah County, we reject as speculative reliance on such information to establish venue beyond a reasonable doubt." *Id.* at 274.

Unlike *Cervantes*, in which the jury reasonably could infer that Coos Bay was in Coos County because the coordinator of the Coos County Victims' Assistance office had dealt with the victim in Coos Bay while the coordinator was acting in her official capacity, here there was no evidence in the record directly linking anyone or anything to Washington County. This case is more similar to *Means*. There, the state failed to introduce evidence identifying Overlook's location in relation to Multnomah County; here, the state failed to introduce evidence identifying the location of North Plains or of mileposts 56 and 57 on Highway 26 in relation to Washington County.[2]

It would require speculation for a factfinder to infer that North Plains or mileposts 56 and 57 on Highway 26 are in Washington County. Thus, the state failed to present sufficient evidence to support a finding that defendant drove while revoked in Washington County.[3] It follows that the

---

[2] The same dichotomy is presented by *State v. Davis*, 248 Or App 263, 273 P3d 251 (2012), and *State v. Tirado*, 118 Or App 294, 846 P2d 1201 (1993). In *Davis*, the evidence in the record supported inferences that the offense occurred in Medford and that Medford is in Jackson County. *Davis*, 248 Or App at 268. In *Tirado*, in contrast, the evidence in the record established that the offense occurred within one half mile of the White City Veteran's Administration Domiciliary and that the defendant was arrested by an Oregon state trooper assigned to patrol Highway 62, but there was no evidence in the record to support a finding that White City or Highway 62 are in Jackson County. 118 Or App at 296-97.

[3] The state asks us to take judicial notice under OEC 201 that North Plains is in Washington County. Even assuming that we have the authority to do that, it would not affect the result in this case. Our review of the trial court's denial of

trial court erred in denying defendant's motion for a judgment of acquittal.

Reversed.

**HASELTON, P. J.,** concurring.

The law in this area is a mess, a judicially created mess. By a "mess," I mean that—beginning with *Cervantes* and then continuing through our decisions in *Tirado*, *Means*, *Davis*, and up to today—it is impossible to identify a coherent principle that reconciles the outcomes of those cases.[1] And that has not been for any lack of effort or ingenuity.

*Cervantes* and our holdings have rested on some permutation or combination of a variety of rationales, explicit or implicit, including:

(1) *Indirect extrinsic "evidence." See, e.g., State v. Cervantes*, 319 Or 121, 126-27, 873 P2d 316 (1994) (evidence that coordinator of Coos County Crime Victims' Assistance office had contact with the victim permitted jury to infer that charged conduct occurred in Coos County). One might wonder (respectfully) why such collateral references are deemed to be sufficient to support a rational, nonspeculative inference establishing an essential fact beyond a reasonable doubt. For example, in *Cervantes*, there was no evidence that the Coos County Crime Victims' Assistance office assisted only persons who were victims of crime in Coos County, as opposed to persons from neighboring counties as well—or, for that matter, Coos County residents who had been victims of crimes in other counties. One might also wonder (respectfully) why, if venue can be established via such collateral and attenuated references, it would not be just simpler and more

---

defendant's motion for a judgment of acquittal requires us to review the trial record to determine whether *it* contained sufficient evidence to support a finding on venue. Given that task, it would serve no purpose for us to take judicial notice on appeal that North Plains is in Washington County because that would not change the fact that there was insufficient evidence in the *trial* record to support a reasonable inference that defendant committed the offense in Washington County.

[1] *See, e.g.,* Benjamin N. Cardozo, *The Nature of the Judicial Process* 28 (1975) ("[T]he problem which confronts the judge is in reality a two fold one: he must first extract from the precedents the underlying principle, the *ratio decidendi*; he must then determine the path or direction along which the principle is to move and develop, if it is not to wither and die.").

candid to hold that jurors can infer venue from the denomination of the county in the caption of the pleadings.

(2) *"Any sentient resident of the county would know." See, e.g.,* Cervantes, 319 Or 121 (Coos Bay is in Coos County); *State v. Davis,* 248 Or App 263, 273 P3d 251 (2012) (Medford is in Jackson County). But, as with any "we know it when we see it" approach, the problem is one of line-drawing—all Linn County residents of any tenure know that Lebanon is in the county, but what about Scio? Or Tangent or Crabtree? Thus, the result in this case (trier of fact, without further proof, could not determine that the City of North Plains is in Washington County). *See also State v. Tirado,* 118 Or App 294, 296, 846 P2d 1201 (1993) (trier of fact could not determine, without further evidence, that White City (or location very near White City) is in Jackson County).

(3) *Jurors sitting in the "X" County courthouse in "Y" City could infer/find that charged conduct in "Y" City occurred in "X" County. See, e.g.,* Davis (where charged conduct allegedly occurred in Medford, and the trial occurred at the Jackson County courthouse in Medford). This rationale initially has great commonsensical appeal until one realizes that three Oregon county seats—Albany (Linn), Salem (Marion), and Portland (Multnomah)—are in cities that include parts of other counties (north Albany is in Benton County; west Salem is in Polk County; and parts of Portland are in Washington and Clackamas counties). That, in turn, may have been an implicit rationale for our holding in *State v. Means,* 213 Or App 268, 274, 160 P3d 1001 (2007) (proof of venue failed where there was no evidence that the Overlook neighborhood in Portland was in Multnomah County).

(4) *Single inference versus "stacking" of multiple inferences. See, e.g.,* Davis, 248 Or App 263. There are at least two problems with this approach. First, in every case in which the location of the crime can be established with precision, the determination of whether that location is in a particular county requires only a single "inference." Either it is, or it isn't—and that is so whether the criminal conduct occurred in Coos Bay, or Medford, or White City, or near milepost 56 on US Highway 26. Second, in such circumstances, the determination of the requisite fact (*viz.,* the

county in which the charged conduct occurred) is not a matter of *inference*—it is a matter of *knowledge*. One does not, and cannot, infer from the predicate fact of "Medford" the ultimate fact of "Jackson County." There is no *logical* relationship between the former and the latter; rather (with apologies), "It is what it is."

I have no solution. Rather, I offer these ruminations in the hope that, in an appropriate case, the Supreme Court will revisit *Cervantes* and offer further, clarifying guidance on these matters that periodically bedevil our court, as well as the criminal trial bench and bar. For now, the majority's approach in this case is as defensible as any. Accordingly, I concur.