Argued and submitted May 28, reversed September 24, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LOREN MACNAB,
*Defendant-Appellant.*

Benton County Circuit Court
CM0220328; A131772

194 P3d 164

Elizabeth Ann Corbridge, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services. Loren Macnab filed the supplemental brief *pro se.*

Jamie K. Contreras, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction on one count of failure to report as a sex offender. ORS 181.599. He assigns error to the trial court's denial of his motion for a judgment of acquittal based on the state's failure to prove venue. Specifically, he contends that the state did not offer any evidence that his failure to report occurred in the county where the charge was brought. The state concedes that there is no direct evidence of venue. It contends that there is, however, circumstantial evidence in that it showed that defendant resided in the same county a year before the offense occurred and that defendant also resided in that county two years after the offense occurred. According to the state, it is reasonable to infer that he continued to live in the county during the intervening three years. We conclude that the circumstantial evidence on which the state relies is insufficient and therefore reverse.

The evidence adduced at trial is not in dispute. Defendant was convicted of first-degree sexual abuse in 1990. As a consequence of that conviction, he was required to report in person for sex offender registration "[o]nce each year within 10 days of [his] birth date, regardless of whether [he] changed residence." ORS 181.595(3)(a)(B). The state charged defendant with failure to comply with that reporting requirement "between 11/14/01 and February 5, 2002, in Benton County, Oregon."

At trial, the state did not offer any direct evidence that the offense occurred in Benton County. It did, however, introduce six sex offender registration forms that had been filed by defendant before trial. The first form was filed on August 15, 1997, and lists as defendant's address "31717 Fern Rd, Philomath, OR," which is located in Benton County. The second form was filed on October 21, 2000, and lists the same address. The third form was filed three years later, on October 13, 2003. The address listed on that form is different: "936 NW Sycamore #9[,] Corvallis, OR," which is located in Benton County. The fourth form, filed on November 13, 2003, lists the same address. The fifth form, filed on December 10, 2003, lists a still different address: "750 NW 21st St #11A[,] Corvallis, OR." And the sixth form, filed on October 29, 2004, lists the same address.

At the close of the evidence, defendant moved for a judgment of acquittal, arguing that the state had failed to prove venue. The trial court denied the motion.

■ On appeal, defendant renews his contention that the state failed to prove venue. As we have noted, the state contends that, although there is no direct evidence of venue, defendant's sex offender registration forms over the course of several years are circumstantial evidence that he resided in Benton County when the failure to register occurred.

Article I, section 11, of the Oregon Constitution provides that a criminal defendant is entitled to trial "in the county in which the offense shall have been committed." ORS 131.325 provides that, when it cannot be determined precisely where an offense was committed, "trial may be held in the county in which the defendant resides." *See State v. Rose*, 117 Or App 270, 274, 843 P2d 1005 (1992), *rev den*, 316 Or 142 (1993) (upholding constitutionality of ORS 131.325). In this case, the state relies on evidence of defendant's residence. The question is whether the evidence suffices to establish his residence *at the time of the alleged offense*.

■ Venue is not an element of an offense, but it is a material allegation that the state must prove beyond a reasonable doubt. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). In evaluating whether the state met its burden to prove venue, we review the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the state to determine whether a rational finder of fact could find that the state had established venue beyond a reasonable doubt. *State v. Means*, 213 Or App 268, 272, 160 P3d 1001 (2007). To be sure, the state is not required to prove venue by direct evidence; the issue may be established by inferences drawn from circumstantial evidence. *Cervantes*, 319 Or at 125-26. But "[t]here is a difference between inferences that may be drawn from circumstantial evidence and mere speculation." *State v. Vaughn*, 175 Or App 192, 201, 28 P3d 636 (2001).

■■ The line between a reasonable inference and impermissible speculation is not always easy to describe with precision. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004). Borrowing from the federal courts, we have attempted to explain the distinction in the following terms:

" 'The line is drawn by the laws of logic. If there is an experience of logical probability that an ultimate fact will follow a stated narrative or historical fact, then the jury is given the opportunity to draw a conclusion because there is a reasonable probability that the conclusion flows from the proven facts.' "

*Id.* (quoting *Tose v. First Pennsylvania Bank, N.A.*, 648 F2d 879, 895 (3d Cir), *cert den*, 454 US 893 (1981)). In a similar vein, we have described an impermissible inference as one that "requires too great an inferential leap," *State v. Lopez-Medina*, 143 Or App 195, 201, 923 P2d 1240 (1996), and one that requires a "stacking of inferences" that is "too speculative." *State v. Piazza*, 170 Or App 628, 632, 13 P3d 567 (2000).

In this case, the state contends that defendant's residential history provides a sufficient factual basis for an inference that he lived in Benton County at the time of the offense. According to the state, the record shows that he lived in Benton County more than a year before the earliest date the offense occurred. And the record shows that he lived in Benton County—albeit at a different address—some 20 months after the latest date the offense occurred. It is reasonable to infer, the state contends, that he continued to live somewhere in Benton County during the intervening three years for which there is no direct evidence of his residence.

The inference that the state asks us to draw from the evidence requires too great a leap, and the conclusion that defendant lived in Benton County during the three years for which there is no evidence of residence is too speculative to meet the burden that the law imposes. The state offers no basis for its assertion that a rational factfinder could find beyond a reasonable doubt that, because defendant lived in Benton County an entire year before the offense and two years after the offense, defendant also lived in Benton County during the intervening three years. There is no evidence that he owned any of the homes that he listed as his residences. There is no evidence of defendant's employment history during the time. There is no evidence that defendant had any reason to remain in Benton County during the three years for which the state has no evidence of residence. In

essence, the state appears to rely on an assumption of residential inertia—that, in the absence of evidence to the contrary, we may safely assume that people do not move. There is no evidentiary basis for the assumption, however.

In short, the state failed to establish venue. The trial court therefore erred in denying defendant's motion for a judgment of acquittal.

Reversed.