Argued and submitted April 29, 2010, in Case No. D073861M,
Count 1 reversed, remanded for resentencing, otherwise affirmed;
in Case No. C073225CR, Counts 1 and 2 reversed April 13, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## PETER VICTOR DEPECHE,
*Defendant-Appellant.*

Washington County Circuit Court
D073861M, C073225CR;
A139293 (Control), A139569

255 P3d 502

*See also,* 242 Or App 147, 252 P3d 861.

Eric Johansen, Senior Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Michael R. Washington, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Edmonds, Senior Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

In these consolidated cases, defendant was convicted in Washington County of one count of felony failure to report as a sex offender, ORS 181.599(3) (2005);[1] two counts of misdemeanor failure to report as a sex offender, ORS 181.599(2), which the trial court merged; and one count each of resisting arrest, ORS 162.315, and obtaining contents of communications, ORS 165.540. He appeals the resulting judgments, raising four assignments of error. In his first three assignments, he argues that the trial court erred in denying his motion for judgment of acquittal (MJOA) on the two misdemeanor counts of failure to report as a sex offender based on lack of proof of failure to report. He also argues, with respect to both the felony and misdemeanor counts of failure to report as a sex offender, that the court erred in denying his MJOA based on lack of proof of venue. Based on our holding today in *State v. Depeche (A138304)*, 242 Or App 147, 252 P3d 861 (2011) (*Depeche I*), we agree that the court erred in denying defendant's MJOA as to the misdemeanor failure to report counts; consequently, we reverse those convictions. We also conclude that the state failed to provide sufficient proof of venue; accordingly, we reverse defendant's felony failure to report conviction as well. In his fourth assignment of error, defendant argues that the trial court erred in denying his MJOA on the charge of resisting arrest. We reject that assignment of error without discussion.[2]

The relevant facts are undisputed. In 1995, defendant was convicted of second-degree sexual abuse, a felony. As a result of that conviction, defendant was required to report as a sex offender within 10 days of any change of residence and annually within 10 days of his birth date. ORS 181.596(4)(b)(A), (B).[3] Those reports were to be made to the

---

[1] ORS 181.599 and ORS 181.596 (referenced later in this opinion) were amended in 2009; however, those amendments do not apply in this case. *See* Or Laws 2009, ch 204, §§ 2, 4, 10; Or Laws 2009, ch 713, §§ 3, 5, 5a, 21, 24. Thus, we refer to the 2005 versions of those statutes in this opinion.

[2] Defendant does not challenge his conviction for obtaining contents of communications.

[3] ORS 181.596(4), which applied, among other things, to "a person who is discharged, released or placed on probation" after being convicted in this state of a sex crime, ORS 181.596(2)(a), provided, in part:

"[D]epartment [of State Police], a chief of police, a county sheriff or the supervising agency, if any." ORS 181.596(4)(c). Failure to comply with the requirement to report annually was a misdemeanor; failure to timely report a residence change was a felony, if, as here, the crime for which the person was required to report was a felony. ORS 181.599(2), (3)(b).[4]

Defendant, whose birthday is May 21, moved several times in 2007. The state agrees that, on three occasions, including on May 14—within 10 days of his birth date— defendant attempted to report to the Beaverton Police Department.[5] However, "each time he attempted to report

---

"(a) Within 10 days following discharge or release, the person shall report, in person, to the Department of State Police, chief of police or county sheriff or to the supervising agency, if any.

"(b) After making the report required by paragraph (a) of this subsection, the person shall report, in person:

"(A) Within 10 days of a change of residence;

"(B) Once each year within 10 days of the person's birth date, regardless of whether the person changed residence;

"* * * * *

"(c) The person shall make the reports required by paragraph (b) of this subsection to the department, a chief of police, a county sheriff or the supervising agency, if any."

[4] ORS 181.599 provided, in part:

"(1) A person who is required to report as a sex offender and who has knowledge of the reporting requirement commits the crime of failure to report as a sex offender if the person fails, as required by ORS 181.595, 181.596 or 181.597, to:

"* * * * *

"(c) Report following a change of residence * * *;

"(d) Make an annual report; or

"(e) Provide complete and accurate information.

"(2) Except as otherwise provided in subsection (3) of this section, failure to report as a sex offender is a Class A misdemeanor.

"(3) Failure to report as a sex offender is a Class C felony if the person violates:

"* * * * *

"(b) Subsection (1)(b) or (c) of this section and the crime for which the person is required to report is a felony."

[5] Based on the events of May 14, defendant was also charged in Multnomah County for felony failure to report as a sex offender for not reporting within 10 days of a change of residence. As discussed below, 242 Or App at 160, we reversed that conviction in *Depeche I*.

those changes to the Beaverton Police Department, it would not accept his information because he did not have proof of his new address," as the department required.

On August 7, defendant moved in with his mother at her residence in Portland after being released from the custody of United States Immigration and Customs Enforcement.[6] On August 18, defendant went to the Beaverton Police Department to report that change of address. Smith, a police support specialist in the department, completed defendant's reporting form except for defendant's signature. She noticed that defendant was wearing a "camera-looking device" around his neck. When she ran his information in the Law Enforcement Data System (LEDS), she discovered that he was possibly out of compliance with his annual registration requirement. So, she asked Officer Hanada to come speak with him, which Hanada did. A scuffle broke out between defendant and Hanada over the recording device defendant was wearing, resulting in defendant's arrest. After defendant was taken into custody, Hanada got defendant's reporting form from Smith and asked defendant to sign the form. Defendant refused. Based on those events, defendant was charged in Washington County in Case No. D073861M, with misdemeanor failure to report as a sex offender for failing to report within 10 days of his birth date (Count 1), obtaining contents of communications (Count 2), and resisting arrest (Count 3).

On December 6, 2007, defendant was present at the Washington County Circuit Court for a hearing on the charges in that case. Hanada was also present for the hearing and knew that defendant was still not in compliance with his reporting requirements. Hanada took the report that Smith had previously filled out on behalf of defendant, handed it to defendant, and asked him to sign it. Defendant refused. Based on those events, defendant was subsequently charged, again in Washington County, in Case No. C073225CR, for one count of felony failure to report as a sex offender, based on his failure to report within 10 days of a change of residence (Count 1), and one count of misdemeanor failure to report as

---

[6] The record does not disclose the details of that custody.

a sex offender *for failing to* report within 10 days of his birth date (Count 2).

The cases were consolidated and tried to the court. At the close of the state's case, defendant moved for judgment of acquittal on the misdemeanor failure to report charges, arguing that the state had failed to prove that he did not report as required within 10 days of his birth date. He also argued, with respect to both those charges and the felony failure to report charge, that the evidence was insufficient to prove venue, because the "act or omission" constituting the offense of failure to report did not occur in Washington County. The trial court denied defendant's motions and convicted defendant of all charges. At sentencing, the court merged the two misdemeanor failure to report counts—that is, Count 1 in Case No. D073861 and Count 2 in Case No. C073225CR—"for conviction and sentencing."

■ Defendant renews his arguments on appeal. On the misdemeanor charges of failure to report, he contends that he is entitled to a judgment of acquittal because the statutory scheme did not require him to present proof of address and he otherwise satisfied his legal obligation to report annually within 10 days of his birth date when he presented himself to the Beaverton Police Department on May 14. Resolution of that issue is controlled by our opinion in *Depeche I*. In that case, defendant was charged and convicted in Multnomah County Circuit Court of one count of felony failure to report as a sex offender for not reporting his change of residence in May 2007. 242 Or App at 149. We reversed that conviction, holding that proof of address was not a statutory requirement for reporting as a sex offender and, consequently, that defendant's attempt to report on May 14—a report that was refused for lack of such proof—satisfied the reporting requirement. *Id.* at 154. Defendant's May 14 report also satisfies the requirement that defendant report within 10 days of his birth date, the basis for the misdemeanor failure to report charges in this case. Thus, the same result obtains here, and the trial court erred in denying defendant's motions for judgment of acquittal on those charges (Count 1 in Case No. D073861M and Count 2 in Case No. C073225CR).

■ That leaves defendant's conviction for felony failure to report as a sex offender, Count 1 in Case No. C073225CR. With respect to that offense, the indictment alleged:

> "The defendant, on or about December 6, 2007, in Washington County, Oregon, being a person who was required by law to report in person, as a sex offender, to defendant's supervising agency, the Oregon State Police, a chief of police or a county sheriff within 10 days of a change of residence, having changed residence, and having knowledge of the reporting requirement, did unlawfully and feloniously fail to report, as required, to [an] appropriate agency or official[.]"

On appeal, defendant reprises his venue argument—specifically, that the evidence would not support, beyond a reasonable doubt, a finding that the crime was committed in Washington County as alleged in the indictment. In defendant's view, because it "cannot readily be determined" within which county the offense was committed, under ORS 131.325, *see* 242 Or App at 164-65 n 10, venue is proper only in the county in which he resided, that is, Multnomah County.[7] The state, on the other hand, contends that an essential element of the offense is proof that a defendant failed to report; thus, "[b]ecause defendant failed to report as a sex offender *while in* Washington County," the record is sufficient to establish venue in that county. (Emphasis added.)[8] For the reasons explained below, we agree with defendant that the evidence is insufficient to establish venue.

> "In evaluating whether the state met its burden to prove venue, we review the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the state to determine whether a rational finder of fact could find that the state had established venue beyond a reasonable doubt."

*State v. Macnab*, 222 Or App 332, 335, 194 P3d 164 (2008) (citation omitted).

---

[7] The state does not dispute that defendant resides in Multnomah County.

[8] The state also argues that venue should be a subject for pretrial litigation exclusively, not an element that the state must prove at trial, and that previous Supreme Court and Court of Appeals case law to the contrary should be revisited. We decline that invitation. As we said recently in *State v. Turner*, 235 Or App 462, 466, 234 P3d 993 (2010), "[t]hat is so because we remain bound by Supreme Court precedent until such time as that court reconsiders and disavows it."

■ Article I, section 11, of the Oregon Constitution governs venue; it provides that, "[i]n all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed[.]" Further, ORS 131.305(1) provides that, "[e]xcept as otherwise provided in ORS 131.305 to 131.415, criminal actions shall be commenced and tried in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred." The Supreme Court has held that venue is not an element of the offense, but it is "a material allegation of the indictment that must be proven beyond a reasonable doubt." *State v. Cervantes*, 319 Or 121, 123, 873 P2d 316 (1994) (citing *State v. Cooksey*, 242 Or 250, 251, 409 P2d 335 (1965); *State v. Jones*, 240 Or 129, 130, 400 P2d 524 (1965)). "The state may establish venue by showing that at least one essential element of a charged offense occurred in the county in question." *State v. Lynch*, 230 Or App 23, 27, 213 P3d 853, *rev den*, 347 Or 43 (2009) (citation omitted).

As relevant to this discussion, the elements of the offense of failure to report as a sex offender were (1) a requirement to report as a sex offender as the result of a felony conviction for a sex crime; (2) knowledge of the reporting requirement; and (3) failure to report as required within 10 days of a change in residence. ORS 181.599(1)(c), (3)(b); ORS 181.596(4)(b)(A). The statutes did not require defendant to report in any particular county, but only that the report be made to the "[D]epartment [of State Police], a chief of police, a county sheriff or the supervising agency, if any." ORS 181.596(4)(c).

Accordingly, pursuant to ORS 131.305(1), venue is proper in Washington County if defendant engaged in the conduct defined in those statutes—that is, failing to report (to the state police, a police chief, a county sheriff, or the supervising agency in some county in the state) within the prescribed time period—while in Washington County. In the state's view, the conduct of failing to report was ongoing and, consequently, defendant committed the crime in every county that he entered during the time that he was out of compliance with the reporting requirement. Thus, in the state's view, because defendant was out of compliance on

December 6, 2007, when he was arrested in Washington County, the conduct constituting the offense of failing to report occurred in Washington County.

We disagree. The gravamen of the offense of failure to report as a sex offender under ORS 181.599 was the failure to take a specific action—reporting—within a finite time period—in this case, 10 days of a change in residence—not, as the state's argument suggests, the absence of action from that point forward. That failure occurred literally at midnight on the tenth day after defendant changed his residence. In short, it is at that point in time that defendant "fail[ed], as required by * * * ORS 181.596" to "[r]eport following a change of residence." ORS 181.599(1)(c).

■        As noted, the statutes did not specify a place at which a defendant has to report in order to comply with the requirements of the statute. Rather, a defendant could report to specified people or entities in any county within the state. ORS 181.596(4)(c). It does not follow from that fact, however, that a defendant who does not report anywhere commits the crime of failure to report *everywhere*; rather the crime is committed when a defendant fails to report *somewhere* at the conclusion of the statutorily prescribed time period. In the absence of a fixed location for reporting specified in the statute, we conclude that that failure occurs in whichever county the defendant is when the time period expires and the defendant has not reported—that is, at the moment the conduct constituting the crime occurs.[9]

As we held in *State v. Rose*, 117 Or App 270, 273, 843 P2d 1005 (1992), *rev den*, 316 Or 142 (1993),

"[t]he right to trial in the county where the offense was committed was 'designed for the sole purpose of insuring' that the accused receives a fair and impartial trial. *State ex rel Ricco v. Biggs*, 198 Or 413, 428, 255 P2d 1055 (1953). The

---

[9] For that reason, we also reject the state's alternative argument that venue was appropriate in either Washington County (where defendant was arrested while in noncompliance) or Multnomah County (where defendant resided while in noncompliance) under ORS 131.315(1). That statute provides, "If conduct constituting elements of an offense or results constituting elements of an offense occur in two or more counties, trial of the offense may be held in any of the counties concerned."

purpose is to allay the fear that the right to a fair trial
might be compromised if, at the prosecutor's whim, the
accused could be

> " ' "dragged to a trial at a distant part of the State, away
> from his friends, and witnesses, and neighborhood, and
> thus to be subject to the verdict of mere strangers, * * *
> as well as the necessity of incurring the most oppressive
> expenses, or perhaps, even to the inability of procuring
> the proper witnesses to establish his innocence. 2 Story
> on Const., secs. 1780-81." ' *State v. Lehman,* 130 Or 132,
> 136, 279 P 283 (1929) (quoting *State v. Robinson,* 14
> Minn 447)."

(Omission in *Rose.*) The state's contrary argument—that
venue is proper wherever in the state that defendant is pres-
ent and it is ascertained that he has not reported as
required—has the potential for creating just such a problem.
Moreover, the necessary implication of the state's argument
is that a defendant could be charged for a new crime of failing
to report every day—indeed, every moment—that he or she is
out of compliance.

■     Here, as noted, the indictment alleged that defendant
committed the offense by failing to report on December 6
in Washington County. However, as we have just explained,
the conduct constituting the offense occurred at midnight on
August 17—the end of the tenth day following defendant's
change of residence on August 7—and venue is proper in the
county in which defendant was at that time. Thus, the state
failed to provide evidence from which a reasonable trier of
fact could find that the offense was committed in Washington
County, because there was no evidence from which to find
that defendant was in Washington County at midnight on
August 17. The trial court consequently erred in denying
defendant's MJOA.[10]

---

[10] The alternative venue provision of ORS 131.325 is inapplicable under the
circumstances of this case. That statute provides:

> "If an offense is committed within the state and it cannot readily be deter-
> mined within which county the commission took place * * *, the trial may be
> held in the county in which the defendant resides, or if the defendant has no
> fixed residence in this state, in the county in which the defendant is appre-
> hended or to which the defendant is extradited."

In *Rose,* 117 Or App at 273, we explained that "the legislature intended ORS
131.325 to provide alternative venues when it cannot be readily determined in

In Case No. D073861M, Count 1 reversed; remanded for resentencing; otherwise affirmed. In Case No. C073225CR, Counts 1 and 2 reversed.

what county the crime was committed, relieving the state of the burden of proving in what county the crime occurred." We also determined that the statute was constitutional; "[h]owever, the state must prove beyond a reasonable doubt the factual predicate for the alternative venue." *Id*. at 274 (citation omitted). Here, it is undisputed that defendant resided in Multnomah County; thus, ORS 131.325 is unavailing in any event.