Argued and submitted August 2, reversed December 14, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LOUIS J. MASSEI,
aka Lisa Massei,
*Defendant-Appellant.*

Polk County Circuit Court
09P3479; A144538

268 P3d 774

Alice Newlin-Cushing, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant, who was convicted of failure to report as a sex offender, ORS 181.599 (2007), argues that the trial court erred in denying her motion for a judgment of acquittal. Defendant asserts that the state failed to prove that venue for this prosecution was properly established in Polk County. As explained below, we conclude that the trial court erred in denying defendant's motion for a judgment of acquittal. Accordingly, we reverse.

Because the trial court denied defendant's motion for a judgment of acquittal, we state the facts in the light most favorable to the state. *State v. Casey*, 346 Or 54, 56, 203 P3d 202 (2009). Defendant was registered as a sex offender in Polk County, and she is required to report "[o]nce each year within 10 days of the person's birthdate, regardless of whether the person changed residence." ORS 181.597(1)(a)(C) (2007).[1] On September 22, 2009, defendant was stopped by a police officer in Polk County soon after she left a restroom that was open to the public; the officer who stopped her determined that she had not reregistered as a sex offender within 10 days of her birthday, September 4. The officer arrested defendant, who stated that she lived in Salem. The address that defendant gave the officer was located in Marion County, not Polk County.[2] Defendant was charged in Polk County Circuit Court under ORS 181.599 for failing to register as required by ORS 181.597(1)(a)(C) (2007).

After the foregoing evidence was adduced in the state's case-in-chief, defendant moved for a judgment of acquittal, arguing that the state had failed to prove that the proper venue for this prosecution was in Polk County. The trial court denied the motion. Defendant then testified that she had been a transient when she was registered as a sex offender in Polk County, that she had moved from Polk

---

[1] ORS 181.595, ORS 181.596, ORS 181.597, and ORS 181.599 were amended by the 2011 Legislative Assembly effective August 2, 2011, in response to this court's decision in *State v. Depeche (A139293)*, 242 Or App 155, 255 P3d 502 (2011), which we discuss in detail below. The 2007 versions of those statutes apply to this case.

[2] Part of Salem is in Marion County, and part is in Polk County.

County to an address in Marion County, and that, before she was arrested in this case, she had been arrested in Marion County for failure to register as a sex offender there. *See* ORS 181.597(1)(a)(B) (sex offenders required to register "[w]ithin 10 days of a change of residence").

On appeal, defendant again asserts that the state failed to prove that venue was properly established in Polk County. Defendant observes that, subject to certain exceptions, under ORS 131.305, "criminal actions shall be commenced and tried in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred." Defendant asserts that the "conduct that constitutes the offense" was her failure to reregister as a sex offender within 10 days of her birth date. ORS 181.597(1)(a)(C) (2007). Because her birthday is September 4, defendant reasons that the offense necessarily occurred 10 days thereafter, on September 14. Defendant asserts, and the state does not dispute, that the state adduced no evidence as to where defendant was present on that date.

The question of venue in sex offender registration cases has been "problematic." *State v. Turner*, 235 Or App 462, 467, 234 P3d 993 (2010) (Edmonds, S. J., concurring) (stating that venue issues arise in this context because the sex offender registration statutes are unclear "regarding a requirement as to where a defendant must report in order to comply with the requirements of the statute"). ORS 181.595 (2007), ORS 181.596 (2007), and ORS 181.597 (2007)—the statutes that establish sex offender registration requirements for various categories of offenders—each contain similar provisions with respect to where a sex offender is required to report. ORS 181.597(1)(a) (2007), which applies here, provides:

> "When a person listed in subsection (2) of this section moves into this state and is not otherwise required by ORS 181.595 or 181.596 to report, the person shall report, in person, to the Department of State Police, a city police department or a county sheriff's office[.]"

And, as noted, ORS 181.599 (2007) criminalizes the failure to comply with the reporting requirements set forth in ORS 181.597 (2007). The venue dilemma arises because, although

the statutes provide that a person may satisfy the reporting requirements by reporting at various places, they do not clearly indicate where the crime of *failing* to make such a report occurs.

The state reasons that, because the registration requirements may be satisfied in any county in the state, "if the offender fails to report, the offender has failed to report in any county in which she may be found." Thus, the state appears to take the position that a defendant who does not comply with the registration requirements of ORS 181.597 (2007), may be subject to separate prosecutions in every county that the person enters while not in compliance with the registration requirements.

Defendant rejoins that the proper venue is in the county where she was present ten days after her birthdate, or alternatively, under ORS 131.325, that the proper venue was in the county where she resided. Because the state failed to adduce evidence that the crime was committed in Polk County or that she resided in Polk County at the time of the crime, defendant asserts that a judgment of acquittal should have been granted.

As explained below, we agree with defendant. In previous decisions, we have rejected the bases for the state's primary arguments in this case. First, to the extent that the state suggests that an offender who fails to register within 10 days of his or her birthdate commits separate offenses of failing to register simply by being present in multiple counties after having failed to register, we rejected that argument in *State v. Depeche (A139293)*, 242 Or App 155, 255 P3d 502 (2011). In *Depeche*, the defendant was released from custody in Washington County, and he subsequently moved to Multnomah County. He was charged in Washington County with failure to report as a sex offender within 10 days of changing his residence; the evidence was undisputed that the defendant lived in Multnomah County when he failed to register. *Id.* at 161 n 7. We stated:

"In the state's view, the conduct of failing to report was ongoing and, consequently, defendant committed the crime in every county that he entered during the time that he was out of compliance with the reporting requirement. Thus, in

the state's view, because defendant was out of compliance * * * when he was arrested in Washington County, the conduct constituting the offense of failing to report occurred in Washington County.

"We disagree. The gravamen of the offense of failure to report as a sex offender under ORS 181.599 was the failure to take a specific action—reporting—within a finite time period—in this case, 10 days of a change in residence—not, as the state's argument suggests, the absence of action from that point forward. That failure occurred literally at midnight on the tenth day after defendant changed his residence. In short, it is at that point in time that defendant 'fail[ed]' * * *' to '[r]eport following a change of residence.' ORS 181.599(1)(c).

"As noted, the statutes did not specify a place at which a defendant has to report in order to comply with the requirements of the statute. Rather, a defendant could report to specified people or entities in any county within the state. ORS 181.596(4)(c). It does not follow from that fact, however, that a defendant who does not report anywhere commits the crime of failure to report *everywhere*; rather the crime is committed when a defendant fails to report *somewhere* at the conclusion of the statutorily prescribed time period."

*Id.* at 162-63 (emphasis, brackets, and second omission in original). Thus, the state's argument that venue was proper in Polk County merely because defendant was physically present there at some time after having failed to register fails in light of *Depeche*.

Moreover, we agree with defendant—and we acknowledged in *State v. Macnab,* 222 Or App 332, 194 P3d 164 (2008)—that ORS 131.325 is potentially applicable in these circumstances.

ORS 131.325 provides:

"*If an offense is committed within the state and it cannot readily be determined within which county the commission took place, * * * trial may be held in the county in which the defendant resides*, or if the defendant has no fixed residence in this state, in the county in which the defendant is apprehended or to which the defendant is extradited."[3]

---

[3] In *Depeche*, we held that ORS 131.325 was inapplicable because the offense occurred at "the end of the tenth day following defendant's change of residence." It

(Emphasis added.) In *Macnab*, the defendant was charged in Benton County with failure to report as a sex offender within ten days of his birthdate between certain dates in late 2001 and early 2002. 222 Or App at 334. The state did not provide direct evidence with respect to venue, but, instead, adduced evidence that the defendant had registered an address in Benton County in 1997 and 2000 and registered at different addresses in Benton County in 2003 and 2004. We rejected the state's suggestion that that evidence "provided a sufficient factual basis for an inference that [the defendant] lived in Benton County at the time of the offense." *Id.* at 336. In so concluding, we relied on ORS 131.325 for the proposition that, "when it cannot be determined precisely where an offense was committed, 'trial may be held in the county in which the defendant resides.'" *Id.* at 335 (quoting *State v. Rose*, 117 Or App 270, 274, 843 P2d 1005 (1992), *rev den*, 316 Or 142 (1993)).

The state argues that it presented sufficient evidence to support an inference that defendant resided in Polk County when she failed to register.[4] The state asserts that evidence that defendant was arrested in Polk County several weeks later, late at night and after using a public restroom, when coupled with her own testimony that she previously had been homeless at some point and that the address she had registered in Polk County the year before was a park, supported an inference that defendant continued to be a transient residing in Polk County. We disagree. That evidence, like the evidence in *Macnab*, is too speculative to support a finding of venue. Nothing in the record indicates that defendant was a transient either at the time of her arrest or, more importantly, when she is alleged to have committed the charged offense and, as noted, she gave the arresting officer an address in Marion County. To the extent that the state challenges the strength of defendant's evidence that she, in

was undisputed that the defendant resided in Multnomah County. 242 Or App at 164, 164 n 10.

[4] On appeal, the state relies on the portion of ORS 131.325, which provides that, "if the defendant has no fixed residence in this state, [venue lies] in the county in which the defendant is apprehended[.]" However, that portion of ORS 131.325 only applies where it cannot readily be determined within which county the commission of the crime took place. As explained below, among other problems, the state never established that factual predicate.

fact, resided in Marion County,[5] it was not defendant's burden to establish the proper venue for this prosecution; it was the burden of the state.

In sum, under *Depeche*, a defendant commits the charged offense on the tenth day after her birth date by failing to register by that date. The state adduced no evidence that defendant resided in Polk County on that date or that it could not readily be determined where defendant resided on that date; the state merely showed that she was apprehended in Polk County eight days after the last date on which the offense could have been committed.[6] As discussed, when it cannot be readily determined where the crime was committed, "trial may be held in the county in which the defendant resides[.]" ORS 131.325. "However, the state must prove beyond a reasonable doubt the factual predicate for the alternative venue." *Rose*, 117 Or App at 274. Here, the state neither proved where the crime occurred (that is, where defendant was present on the tenth day after her birth date), nor that venue was proper in Polk County under ORS 131.325 because it could not readily be determined where the crime was committed.

Finally, the state advances an argument that it did not raise before the trial court, namely that venue was properly established in Polk County under ORS 131.315(6), which provides that, "[i]f an offense is committed on the boundary of two or more counties or within one mile thereof, trial of the offense may be held in any of the counties concerned." The state asks this court to take judicial notice that the Marion County address that defendant provided to the arresting officer is located within one mile of the Polk County line. OEC 201(b)(2) (judicially noticed fact must be one not subject to

---

[5] The state asserts, for example, that defendant's testimony that she received mail at the Marion County address did not establish that she resided there and that the evidence that she had used a public restroom in Polk County on the night of her arrest undermined the evidence that defendant was no longer a transient living in a park in Polk County.

[6] Defendant presented evidence that she had moved to Marion County at some point around her birth date, but no evidence was adduced as to the precise date of that move.

reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned). More specifically, the state suggests that we should examine maps that show the pertinent county lines, then, relying on Internet mapping resources, attempt to pinpoint the location of the address in Marion County that defendant gave the arresting officer, and try to determine whether it is within one mile of the Polk County line. We decline to do so.

The Supreme Court has stated that "geographical facts, such as whether a particular address is within a certain city and county of the state, [are subject to] judicial notice under OEC 201." *State v. Cervantes*, 319 Or 121, 125 n 3, 873 P2d 316 (1994) (citing *Cleveland v. Goin*, 299 Or 435, 437, 703 P2d 204 (1985)). *But see* Legislative Commentary to OEC 201(b), *reprinted in* Laird C. Kirkpatrick, *Oregon Evidence* § 201.01[2], Art II-5 (4th ed 2002) (indicating that location of address within a county "is not an appropriate subject for a formalized judicial notice treatment"). Although there may be circumstances in which taking judicial notice of geographical facts is appropriate, we do not believe that what the state proposes is "[c]apable of accurate and ready determination," much less that Internet mapping resources are sources "whose accuracy cannot reasonably be questioned." OEC 201(b)(2). We therefore decline to take judicial notice of the proximity of defendant's Marion County address to the Polk County line.[7]

In sum, we conclude that the state failed to adduce evidence that venue was properly established in Polk County under ORS 131.305, ORS 131.315(6), or ORS 131.325. It follows that the trial court erred in denying defendant's motion for a judgment of acquittal.

Reversed.

---

[7] We note, additionally, that even here we do take judicial notice as requested by the state, it is not clear how that would satisfy the venue provisions of ORS 131.315.