Argued and submitted August 31, 2011, reversed August 8, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH TYLER THOMPSON,
aka Joey T. Thompson,
*Defendant-Appellant.*

Multnomah County Circuit Court
090647258; A143564

284 P3d 559

Daniel C. Bennett, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jennifer S. Lloyd, Attorney in Charge, Criminal Appeals, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Justice J. Rillera, Assistant Attorney General.

Before Ortega, Presiding Judge, and Brewer, Judge, and Sercombe, Judge.*

SERCOMBE, J.

---

* Brewer, J., *vice* Rosenblum, S. J.

**SERCOMBE, J.**

Defendant was convicted of failure to register as a sex offender, ORS 181.599 (2007).[1] On appeal, he assigns error to the trial court's denial of his motion for judgment of acquittal on the ground that the state failed to prove venue. Defendant argues that the state presented no evidence of where he committed the offense, where he resided at the time of the offense, or where he was subsequently arrested. We conclude that, on the record before us, the state failed to establish venue. Accordingly, we reverse.

The relevant facts are undisputed. Defendant was required to register as a sex offender based on a juvenile adjudication for conduct that, if committed by an adult, would have constituted sexual abuse in the third degree. In late March 2009, defendant was residing at DePaul Treatment Center in Multnomah County. He registered the treatment facility's address as his residence on March 31. That same day, he left the treatment facility. There was no evidence of his whereabouts for the following 21 days. On April 21, he was arrested and ultimately lodged in the Inverness Jail in Multnomah County. The record does not reflect where defendant was arrested or which law enforcement agency effected the arrest. Defendant remained in the Inverness Jail until at least May 11. On that date, Officer Reagan of the Portland Police Bureau "contacted [defendant] at jail * * * [and] re-registered him at Inverness Jail, using that address."

Defendant was subsequently charged with failure to report as a sex offender. The indictment alleged that defendant,

"on or between March 31, 2009 and May 11, 2009, in the County of Multnomah, State of Oregon, being a person who was required by law to report in person, as a sex offender, * * * within 10 days of a change of residence, having

---

[1] The sex offender reporting statutes referenced in this opinion, including ORS 181.599, ORS 181.595, and ORS 181.596 (set out in part below), were amended in 2009 and again in 2011. *See* Or Laws 2009, ch 204, §§ 2, 4, 8, 10; Or Laws 2009, ch 713, §§ 3, 5, 5a, 15, 21, 24; *see also* Or Laws 2011, ch 675, §§ 1, 2, 4, 6, 7, 8; Or Laws 2011, ch 547, § 36. However, those amendments do not apply in this case. All references in this opinion are to the 2007 versions of those statutes.

changed residence, and having knowledge of the reporting requirement, did unlawfully and knowingly fail to report in person, as required, to an appropriate agency or official * * *."[2]

At trial, after the prosecution had rested its case, defendant moved for a judgment of acquittal, arguing that the state had failed to prove venue in Multnomah County. Defendant asserted that "they have no idea where [defendant] was during the intervening period of time," that is, the time between leaving the treatment facility and landing in jail. Further, defendant argued that, under *State v. Macnab*, 222 Or App 332, 194 P3d 164 (2008), the factfinder could not properly infer that defendant remained in Multnomah County during the "time he was supposed to register and did not register."

The state responded that a factfinder could permissibly infer that defendant continued to live in Multnomah County during that time period because defendant had "consistently lived" there before that period and was jailed there afterward. In addition, the state argued that the period of time during which defendant was unaccounted for was a mere three weeks, whereas in *Macnab* it was three years. Thus, the state asserted that "there's no reason to think that he set up residence in another [county] during that three-week period."

The trial court framed the issue like so: "[T]he question is, where is the crime of not registering committed?" The court reasoned that, "wherever you are after you haven't registered on a change of address, you are committing the crime, sort of on a continuous basis." Thus, because defendant was in jail in Multnomah County for a portion of time while he was "out of compliance," the court concluded that venue could be established in Multnomah County. It consequently denied defendant's motion.[3]

---

[2] The indictment also contained an additional count that was dismissed before trial and is not at issue on appeal.

[3] After the jury retired to deliberate, the trial court indicated that it "continue[d] to be troubled by the venue issue," and the parties discussed the matter further. After a guilty verdict was returned, defendant raised a motion in arrest of judgment, reprising his venue argument. The state, too, reiterated its argument that "it's a reasonable inference that he was in Multnomah County during that short time period." The trial court ultimately determined that, given

On appeal, defendant renews his argument that the state failed to prove venue. He relies principally on *State v. Depeche (A139293)*, 242 Or App 155, 163, 255 P3d 502 (2011), which held that the crime of failure to report as a sex offender occurs "literally at midnight on the tenth day after defendant changed his residence" and that venue therefore lies in whichever county the defendant was located at that time.[4] Defendant argues that the state adduced no direct evidence showing where he was at midnight on April 10. Nor, according to defendant, did the state present facts from which defendant's location could be inferred.

The state, in its brief, argues only that "there was evidence that defendant committed the offense in Multnomah County because defendant was in a jail located in Multnomah County for 20 [days] of the 30-day period that he failed to register as a sex offender." In other words, the state adopts the trial court's reasoning that the crime of failure to report as a sex offender is committed on an ongoing basis after the 10-day grace period expires and defendant has failed to register. Thus, in the state's view, venue can be established anywhere defendant is located after he fails to timely register.

The state also argues, for the first time at oral argument, that defendant committed two separate offenses of failure to report as a sex offender: first, when he left the treatment facility and failed to register within 10 days (by the end of the day on April 10) and, second, when he was sent to jail and failed to register within 10 days (by the end of the day on May 1). The state argues that, because there was evidence establishing that the second of those offenses occurred in Multnomah County, and because the indictment could be read to encompass that offense, the trial court properly denied defendant's motion for a judgment of acquittal. For the following reasons, we reject the state's first argument and conclude that its alternate argument was not properly raised or developed on appeal.

defendant's otherwise consistent presence in Multnomah County, it was "within the jury's scope to infer that the violation took place in Multnomah County." Accordingly, it denied the motion.

[4] *Depeche* was decided after the initial briefing in this case. Defendant, however, filed a memorandum of additional authorities relying on that case.

Venue is a material allegation that the state must prove beyond a reasonable doubt. *Macnab*, 222 Or App at 335. In evaluating whether the state met that burden, "we review the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the state to determine whether a rational finder of fact could find that the state had established venue beyond a reasonable doubt." *Id.* Both Article I, section 11, of the Oregon Constitution and ORS 131.305(1) provide that, in general, venue is proper in the county in which the offense is committed.[5] If it cannot readily be determined in which county the crime took place, ORS 131.325 provides that "trial may be held in the county in which the defendant resides, or if the defendant has no fixed residence in this state, in the county in which the defendant is apprehended or to which the defendant is extradited." However, the state must prove beyond a reasonable doubt the factual predicate for alternative venue under ORS 131.325, that is, the state must prove that it could not readily be determined where the offense was committed. *State v. Massei*, 247 Or App 30, 37, 268 P3d 774 (2011); *see also Depeche (A139293)*, 242 Or App at 164 n 10.

The offense of failure to report as a sex offender is set out at ORS 181.599(1), which provides, in relevant part:

"A person who is required to report as a sex offender and who has knowledge of the reporting requirement commits the crime of failure to report as a sex offender if the person fails, as required by ORS 181.595, 181.596, 181.597, to:

"* * * * *

"(c) Report following a change of residence * * *."

ORS 181.595 and ORS 181.596 establish sex offender registration requirements for various categories of offenders.[6]

---

[5] Article I, section 11, provides, in part, that, "[i]n all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed[.]"

ORS 131.305(1) provides, in part, that "criminal actions shall be commenced and tried in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred." There are a number of statutory exceptions to ORS 131.305(1) that are inapplicable here.

[6] ORS 181.597 also imposes sex offender registration requirements on certain offenders but does not apply in this case.

Because defendant stipulated that he was required to register as a sex offender, it is not apparent from the record which statute applies. *Compare* ORS 181.595(2)(a)(C) (applicable to offender released, discharged, or paroled from a correctional facility), *with* ORS 181.596(2)(b) (applicable to offender discharged, released, or placed on probation by the court). Nonetheless, the pertinent provisions of those statutes are materially indistinguishable. Both ORS 181.595(3)(b)(A) and ORS 181.596(4)(b)(A) require a qualifying sex offender to "report, in person[,] * * * [w]ithin 10 days of a change of residence."

Here, the state presented evidence that defendant moved out of the treatment facility on March 31. That was a "change of residence" triggering the 10-day period in which defendant was required to register a new address. *See State v. Cox*, 219 Or App 319, 323, 182 P3d 259 (2008) (holding that "change of residence" is complete, and 10-day reporting period begins to run, upon moving out of a prior residence). The state also presented evidence that defendant did not register within 10 days of that move. However, the state presented no direct evidence of where defendant was located at the expiration of that 10-day period. As we held in *Depeche*, that is the moment that the crime is committed.[7] 242 Or App at 163 (failure to report "occurs in whichever county the defendant is when the time period expires and the defendant has not reported—that is, at the moment the conduct constituting the crime occurs").

"[T]o the extent that the state suggests that an offender * * * commits separate offenses of failing to register simply by being present in multiple counties after having failed to register, we [also] rejected that argument in [*Depeche*]." *Massei*, 247 Or App at 34. In other words, the crime of failure to report as a sex offender is not an ongoing crime, and defendant's presence in jail in Multnomah County for a period of time after he had failed to register on April 10 does not establish venue in that county.

Nor are there sufficient circumstantial facts from which a factfinder could infer that defendant was in

---

[7] The 2011 Legislative Assembly amended the sex offender registration statutes in response to our decision in *Depeche*. *See Massei*, 247 Or App at 32 n 1 (so stating). As noted, those amendments do not apply to this case.

Multnomah County at the time he committed the offense on April 10. The fact that defendant's previous address was in Multnomah County, coupled with the fact that defendant ultimately resurfaced in Multnomah County some three weeks later, does not support a reasonable inference that he was in Multnomah County when the crime was committed. We similarly declined to make such an inference in *Macnab*. There, the defendant resided in Benton County a year before the offense occurred and also resided in that county two years after the offense occurred. The state argued that it was reasonable to infer that the defendant continued to live in the county during the intervening time; that is, the state sought to establish venue by relying "on an assumption of residential inertia—that, in the absence of evidence to the contrary, we may safely assume that people do not move." 222 Or App at 337. We concluded that "[t]here is no evidentiary basis for the assumption" and held that, in the absence of other evidence of the defendant's whereabouts, a rational factfinder could not find beyond a reasonable doubt that the defendant continued to live in Benton County. *Id.*; *see also Massei*, 247 Or App at 36 (evidence that the defendant had registered in Polk County the year before the offense, coupled with evidence that she was arrested in Polk County several weeks after the offense, was "too speculative to support a finding of venue" in that county). Here, too, the state relies on defendant's assumed inertia in order to establish defendant's location at the time of the offense. That assumption requires too great an inferential leap and cannot satisfy the state's burden.

The state does not advance any argument that it has established venue under the alternative venue provision in ORS 131.325, and, in any event, there was no evidence of where defendant resided on the date of the offense or where he was apprehended. Thus, the state failed to prove venue for the offense committed by defendant on April 10.

Finally, we come to the state's alternative theory that defendant committed separate offenses of failure to report as a sex offender and that the second of those offenses was adequately charged and proved in Multnomah County. That argument implicates nuanced legal issues, including questions of statutory construction. Does involuntary

placement in jail qualify as a "change of residence" within the meaning of ORS 181.599 and related statutes? Does every "change of residence" trigger the reporting requirement and form the basis for a new offense?

As noted, the state did not rely on its alternative theory below. Nor did it develop that argument in its brief. Normally, we do not address new contentions raised for the first time at oral argument. *State v. Rivera-Negrete*, 233 Or App 96, 102, 224 P3d 702 (2009) ("We will not entertain a new argument asserted for the first time during oral argument before this court."). Nor do we usually address arguments that are not adequately developed on appeal. That is especially true here, where the state's new contention raises further, unaddressed questions. The state has not cited the applicable statutes, let alone addressed the interpretive questions inherent in its alternative theory of defendant's guilt. Thus, even assuming that the state could properly rely on its new theory on appeal, *see State v. Burgess*, 240 Or App 641, 251 P3d 765, *rev allowed*, 351 Or 318 (2011) (declining to affirm the defendant's conviction on an alternative theory where the state did not advance that theory below), we decline to reach the merits of its argument. Accordingly, because the state failed to establish venue, we must reverse defendant's conviction.

Reversed.