Argued and submitted February 28, reversed April 15, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES ALLEN FRY,
*Defendant-Appellant.*

Coos County Circuit Court
18CR17130; A168363

464 P3d 521

Defendant is a sex offender and, as such, is required by ORS 163A.040 to register every year within 10 days of his birth date. Defendant last registered in 2014. On May 11, 2017, defendant was arrested and charged with failure to register as a sex offender. He pleaded guilty to that charge and was convicted. On July 27, 2017, defendant was arrested again and charged again with failure to register as a sex offender. Before trial, he moved to dismiss on double-jeopardy grounds, arguing that the state was prosecuting him twice for the same offense. In response, the state argued that failure to register was an ongoing offense but that defendant's arrest on May 11 was an "intervening event" that allowed him to be prosecuted twice. The state specifically argued that it was not limited to one prosecution per birthday. The trial court accepted the state's argument and denied defendant's motion. Defendant appeals. *Held*: The trial court erred in denying defendant's motion to dismiss. The state could have prosecuted defendant for two separate offenses—failure to register within 10 days of his 2016 birthday, and failure to register within 10 days of his 2017 birthday—because defendant's birthday fell on May 8. However, because the state and the trial court shared a misconception of the nature and timing of the offense, the state actually prosecuted defendant twice for failure to register within 10 days of his 2016 birthday, which violated double jeopardy.

Reversed.

Megan Jacquot, Judge.

Mark Kimbrell, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Reversed.

**AOYAGI, J.**

Defendant was convicted of failure to report as a sex offender, ORS 163A.040. On appeal of the judgment of conviction, he asserts that the trial court erred when it denied his motion to dismiss, because the prosecution violated his right against double jeopardy. For the reasons that follow, we reverse.

Defendant is a sex offender and therefore subject to certain registration requirements. One of those requirements is that he must register "[o]nce each year within 10 days of [his] birth date." ORS 163A.010(3)(a)(C). Defendant's birthday is May 8.

On May 11, 2017, Oregon State Trooper Evans conducted a traffic stop of a vehicle in which defendant was a passenger. During the traffic stop, a records check revealed that defendant had last registered as a sex offender nearly three years earlier in May 2014. Defendant was arrested and charged by information with failure to register. The information alleged that defendant, "on or about May 11, 2017, * * * did unlawfully fail to make an annual report, as required, to an appropriate agency or official within 10 days of his birth date." Defendant pleaded guilty to that charge in Coos County Case No. 17CR31682, resulting in a conviction in that case.

On July 27, 2017, Evans conducted another records check and learned that defendant had not registered since his arrest, such that his last registration date remained May 2014. Defendant was again arrested and charged by information with failure to register. The information alleged that defendant, "on or about July 27, 2017, * * * did unlawfully fail to make an annual report, as required, to an appropriate agency or official within 10 days of his birth date."

Before trial, defendant moved to dismiss on statutory and constitutional double-jeopardy grounds, asserting that the second charge was based on the same conduct as the first charge for which he had already been convicted, *i.e.*, ongoing failure to report. *See* ORS 131.515(1) ("No person shall be prosecuted twice for the same offense."); Or Const, Art I, § 12 (similar); US Const, Amend V (similar); *see also*

*State v. Taylor*, 62 Or App 220, 225, 660 P2d 690 (1983) (in enacting ORS 131.515, the legislature intended to adopt constitutional double-jeopardy standards).

The state responded that "the two separate charges do not amount to the same uninterrupted conduct" because defendant's May 11 arrest by Evans "was an intervening act that bars any challenge to former jeopardy." Similarly, the state asserted at the hearing that, if there had been a trial on the first charge, "it would have proceeded under failing to register at *** his birthday within a three-year statute of limitations period, most likely 2016," but that the May 11 arrest was an "intervening" event that allowed a second prosecution. The state compared the situation to stopping someone on two different days for driving without a license. The defense protested that, under the state's theory, it could charge him anew anytime there was a new police contact, even to the point of arresting him multiple times in the same day. The state rejoined that "there has to be an intervening act" and that, in this case, "months had gone by, where *the trooper* clearly was an intervening act." (Emphasis added.)

The trial court denied defendant's motion to dismiss. It explained that there were "two separate incidents," one occurring in May 2017 and the other in July 2017. Echoing the state's written argument, the trial court stated that the second incident was "separate and distinct" from the first incident because it occurred on a different date, at a different location, and under different circumstances. It was "not a continuous and uninterrupted course of conduct," because defendant had contact with Evans "in May, had the opportunity to become compliant, and, as of July, still was not compliant." In sum, the court explained, "clearly the charges are the same, but they're different dates, different contacts, different circumstances," and so two prosecutions were permitted.

Defendant proceeded to a bench trial and was convicted. During sentencing, the parties revisited the double-jeopardy issue in discussing merger. In that context, the state commented on defendant's argument about the state being able to prosecute him "again and again and again."

The state argued that it could not be correct that defendant could only be prosecuted once per year, given the public policy behind the law, which is public safety. The state argued that the better view is that multiple prosecutions are allowed as long as there are "intervening acts of officers getting involved."[1] The trial court agreed with the state, reasoning that merger did not apply because "having the advice from the officer that he needs to register and having him be reminded that that needs to happen is sufficient pause for him to be able to think about * * * his conduct and whether he needs to get re-registered." The court also agreed that the state was not limited to prosecuting defendant once per year, because that "would lead to an absurd result of not being able to prosecute him again until his birthday, even if he stayed out of compliance."

On appeal, defendant challenges the trial court's denial of his motion to dismiss. Notably, on appeal, both defendant and the state take a much different view of the offense of failure to register than they did in the trial court. In particular, both parties now recognize and agree that failure to register is *not* a continuing offense but, rather, an offense that occurs, as relevant here, at a single point in time—on the 11th day after a sex offender's birthday— one time each year. *See State v. Depeche*, 242 Or App 155, 162-63, 255 P3d 502 (2011) (rejecting the state's argument that failure to register is an ongoing offense and stating that the crime "occurred literally at midnight on the tenth day after the defendant changed his residence"); *see also State v. Thompson*, 251 Or App 595, 600, 284 P3d 559 (2012) ("[T]he crime of failure to report as a sex offender is not an ongoing crime[.]"). The state thus implicitly concedes that the contrary position that it took in the trial court was wrong—and we agree.

---

[1] The prosecutor continued, "And also, Your Honor, the State obviously would not be prosecuting the Defendant every day. It would more along the lines be when an officer makes contact with the Defendant * * *. If after speaking with him, a significant amount of time goes by, and [the officer] reinitiates contact and [defendant] still hasn't registered at that time, the State believes that that is an intervening act that does not make this the same contact and the same criminal episode." The state concluded by saying that it "just doesn't seem to be what the legislature intended of this crime" to make the state wait a year to prosecute him again.

The difficult question is whether the state's and the trial court's shared misunderstanding of the failure-to-register offense as a continuing offense that could be prosecuted repeatedly as long as there were intervening police contacts (as opposed to intervening birthdays) had the effect of violating double jeopardy. With respect to defendant's conviction in Coos County Case No. 17CR31682, the parties agree at this point that that prosecution was for failure to register within 10 days of defendant's 2016 birthday, given that the charged date of the offense (May 12, 2017) was *prior* to when his 2017 registration came due. The question is what the second prosecution was for.

Defendant expressly recognizes that, if the second prosecution was for defendant's failure to register within 10 days of his 2017 birthday, there would be no double-jeopardy issue. (The first prosecution would pertain to failure to register within 10 days of his 2016 birthday, and the second prosecution would pertain to failure to register within 10 days of his 2017 birthday.) But defendant argues that, because the state misunderstood the nature of the offense, the state chose not to prosecute him on that theory and instead prosecuted him on the theory "that defendant could be prosecuted twice for failing to report in 2016, so long as he was arrested before finally reporting." Thus, in defendant's view, the state took a single crime—failure to report within 10 days of his 2016 birthday—"divided it using Evans' arrest of defendant, and prosecuted defendant twice."

The state responds on appeal that, because a new reporting deadline had passed between the two arrests, we should treat the second prosecution as being for failure to register within 10 days of defendant's 2017 birthday, even though neither the prosecutor nor the trial court said anything to suggest that they considered defendant's 2017 birthday relevant to the double-jeopardy issue.[2]

We understand the state to essentially be arguing that the trial court was right for the wrong reason when it

---

[2] Indeed, in the trial court, when defendant expressly asserted that the state was "clearly not making a strategic decision to try to charge for each consecutive birthday," the state did not disagree but reiterated its position that failure to report was an ongoing course of conduct that, in this case, was divided into two offenses by the intervening act of defendant's arrest on May 11.

allowed the second prosecution to go forward. The substance of the state's argument is that, even if the trial court denied the motion to dismiss based on a misunderstanding as to when the offense of failure to register occurs, the trial court was nonetheless correct to deny the motion, because the charging information was phrased so as to leave open the possibility of prosecuting defendant for failing to register within 10 days of his 2017 birthday, and such a prosecution would not violate double jeopardy.[3]

We may affirm a trial court ruling on an alternative basis that was not raised in the trial court when certain conditions are met. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001). However, even when those conditions are met, affirming on an alternative basis that was not raised in the trial court "is a matter of prudential discretion and not compulsion." *Biggerstaff v. Board of County Commissioners*, 240 Or App 46, 56, 245 P3d 688 (2010).

In this case, upon review of the record, we agree with defendant that the state's sole prosecution theory was that defendant could be tried twice for *ongoing* noncompliance with his reporting obligation, because defendant's May 11 arrest constituted an "intervening event" that allowed multiple prosecutions for what otherwise would have been an ongoing course of conduct. As argued by the state, the first offense began in 2016 or earlier and continued until May 11, 2017, and the second offense began around May 12, 2017 and continued until the second arrest on July 27, 2017. That is significant because defendant had until May 18, 2017, to fulfill his obligation to report within 10 days of his 2017 birthday—which means that the second prosecution necessarily encompassed defendant's failure to report in *2016*. It was essentially a hybrid of failing to report in 2016 and failing to report in 2017, joined together in a single charge due to the state's misconception of the nature and timing of the offense.

---

[3] In its briefing and at oral argument, the state characterizes its position on appeal as somewhat akin to a "right for the wrong reason" argument but as not quite fitting within that doctrine. In our view, that doctrine is the correct way to understand the state's argument, even if it is a somewhat unusual application.

Had the state realized the error of its legal position between the time of the motion-to-dismiss proceedings and the time of trial and actually *tried* defendant on the theory that he had failed to register within 10 days of his 2017 birthday, we would be more open to the state's argument to affirm on the alternative basis. Upon review of the trial transcript, however, it is apparent that the prosecution theory did not change at trial. In other words, defendant was actually tried on the same mistaken theory that the state presented and that the trial court adopted in the motion-to-dismiss proceedings. As such, even assuming that the *Outdoor Media Dimensions* prerequisites to consider an alternative basis to affirm are met, we would not exercise our discretion to affirm the denial of the motion to dismiss on the alternative basis posited by the state. *Cf. State v. Burgess*, 352 Or 499, 501, 506, 287 P3d 1093 (2012) (concluding that it would be fundamentally unfair to the defendant to affirm his conviction for first-degree assault based on there being sufficient evidence to support a different theory of guilt than the one on which he was actually tried, even if the indictment and jury instructions did not necessarily preclude that alternative theory).

Accordingly, we conclude that the trial court erred in denying defendant's motion to dismiss. Although the state *could* have prosecuted defendant for failing to register within 10 days of his 2017 birthday—thus avoiding double jeopardy—the state did not in fact do so, due to its misconception of the nature and timing of the offense. Under the unique circumstances of this case, the result was a double-jeopardy violation. We therefore reverse defendant's conviction.

Reversed.